The Court,
—viz., Dana, C. J., Paine, Bradbury, Cushing, ana Dawes, Justices, were unanimously of opinion that the daughter of James King took an estate in fee simple, defeasible upon a contingency seasonably determinable; that the conveyances through Hill *505 were therefore valid; that Caleb Ray died seised of the land, and that the present action for dower is maintained. (a)

 Vide Annable vs. Patch, 3 Pick. 360. — Hawley vs. Northampton, 6 Mass. Rep. 1. — Dutton vs. Egan, Cro. Jac. 427. — Hayes on Limitations, pp. 28—46. — Nanfau vs. Legh, 7 Taunt. 85. — Jesson vs. Wright, 2 Bligh, 1. — Sonday’s case, 9 Co. 27. — Doe vs. Harvey, 4 B. & Cr. 610. — 1 Rep. Commissioners on Real Property, 553—560. — Hoxton vs. Archer, 3 G. & J. 199. — Doe, dem. Jones, vs. Davis, 4 B. & Ad. 43, L. J. K. B. 1832, p. 244; and see the very learned opinion of Mr. Justice Story, in Parkman vs. Boudoin, Cir. Court U. S. Dist. Mass., May T. 1833.
In the case last referred to, there was a devise to A for her life, and at nor death to her second son, B, and to his lawfully begotten children, in fee simple forever, — but in case he should die without children lawfully begotten, to the oldest son of A, (C,) and to his lawfully begotten children, in fee simple forever. At the time of making the will, B had no children. Held, that he took a fee tail, with remainder to C, on an indefinite failure of issue of B. After stating and commenting upon the various points made in the cause, and the facts and authorities bearing upon them, the learned judge sums up the reasons of his decision in the following words . — “ In the present case there is an evident necessity of construing the words “children," &c., to mean issue or heirs of the body, and so words of limitation, and not of purchase, and that the estate of James is a fee tail, and not a fee simple. — First, because the children were not in esse at the time of making the will, and therefore could not take an immediate estate. Secondly, because, otherwise, if children were born and died in the lifetime of James, leaving issue, they would be excluded, whereas the words “fee simple ” show that an interest was intended to the issue. Thirdly, because, if children, in the devise, were to be construed to mean, not the whole class of issue, but strictly children of James, descriptions personarum living at his death, then the devise over would be defeated if James should die leaving children, who should afterwards die without issue, which plainly could not have been intended. Fourthly, because, if the devise over be, as in my judgment it is, upon an indefinite failure of issue, then as an ex-ecutory devise it is too remote and void, but as a remainder after a fee tail it is good. And I would add that it is a clear rule of law, that every limitation is to be construed to take effect by way of remainder, if it may, and not by way of executory devise, unless it be unavoidable, to carry the intention into effect. My judgment is, that the words and the intent of the testatrix manifestly require'the estate of James to be a fee tail, with a remainder to George.”