The opinion of the court ('the Chief Justice having been absent at the argument, took no part in the decision,) was delivered by
Gibson, J.
The distinction between merely appointing a time for payment of a legacy, and annexing thé time to the very substance of the gift., is borrowed from the civil law: and the rule of construction which in this particular governs'in cases of légaeies, is *196 inapplicable to devises, which are governed by the common law. But we may safely rule this cause on the authority of Goodtitle v. Whitby, (1 Burr. 228,) which is in point. There the devise was to trustees to apply'the rents and profits to the maintenance and education', of the testator’s nephews during their minority, and when, and as they should respectively attain the age of twenty-one, then to the use and behoof of the said nephews and their heirs equally: And this was held to be a present devise to the nephews, chiefly on the authority of Boraston’s Case (3 Rep. 210) which contains a rule that will be found to govern every case of the kind; namely, that where an absolute property is given, and a particular interest is given in the mean time, that circumstance shall not operate as a condition, but as a description of the time when the remainderman is to take in possession: and Lord Manseiexd remarks that this is sufficient to answer the intention of the testator, the devisee not wanting the estate in the mean time. In the case before us the devise is to the testator’s widow for life, or during widowhood, in trust to apply the rents and profils to the maintenance and education of the testator’s children, and to the suppdrt of herself; and on her death or second marriage, he devises the -premises to'the children and their .heirs respectively, share and share alike. The devise is then, in trust, for the children and the widow in the mean time: and according to Boraston’s case, this is a present devise to the children along with the widow. They are even beneficially interested in the trust, which is to apply the profits to their maintenance and education: ,and a devise of the profits is a devise of the land. (Kerry v. Derrick, Cro. Jac. 104.) It is true there is a beneficial interest given to the trustee; whereas in Goodtitle v. Whitby there was none;..but the difference is disposed of by the rule in Matthew Manning's case (8 Rep 95. b.) according to which the interest of the trustee is to be considered only as an exception out of the absolute property given to those who are the chief objects of the testator’s bounty. But what puts his intention out of all doubt is the authority given to the widow, if she shall think fit, to divide the \estate among the children in her life time, and before her second marriage. From this it is evident he intended that only the time of enjoyment should be postponed till the happening of one of the contingencies; and it is beside incredible that he should have intended to disinherit the issue of any of his children who might happen to die in the life time of the widow, and before her second marriage. The point is not new;- but cases like the present have frequently occurred in this country: as in Kerlin's Lessee v. Bull (1 Dall. 175.) Doe v Provoost, (4 Johns. 61.) and Ray v. Enslin & Ray, (2 Mass. Rep. 554.) I am of opinion- then that the- widow took an estate for life in trust for the purposes declared in the will, with •a vested remainder to the children in fee, as tenants in common: &Rd that the judgment be rendered for the defendant.
Judgment for the defendants.