## SAYWARD vs. SAYWARD.

One devised his estate to his son S. "provided and on condition he lives to the age of 21 years AND has issue of his body lawfully begotten ; but in case he shall die under the age of 21 years and without issue as aforesaid," then to his son E. and his heirs. The "and" in the first part of the devise was construed to mean "or," in order to carry into effect the intent of the testator. And hereupon it was held ;—that this was an executory devise to E ;—that S. took a fee simple conditional, defeasible only on the subsequent condition of his dying under 21 *and* without issue ;—and that on his arriving at 21 it became an absolute estate in fee simple.

IN this case, which came before the court upon a statement of facts reported by *Parris J.* the demandant claimed title to the whole of certain lands under the will of his grandfather *Ebenezer Sayward* ; or as his heir at law of one thirty fifth part.

By the will, which was made *March* 30, 1782, the testator made divers specific devises and bequests, among which were the following :—" I give and bequeath to my fifth son *Samuel Sayward* all my lands, buildings and other real estate not heretofore disposed of, to have the possession thereof when he comes to be twenty one years of age."

" *Item.* I give to my son *Ebenezer* the income or profit of my estate which I have bequeathed to my son *Samuel*, till *Samuel* is twenty one years of age." " Furthermore, my will is that if my son *Samuel* should die before he is twenty one years of age, without lawful issue, or after that term, and doth not dispose of the aforementioned buildings and lands, then they shall be my son *Ebenezer's.*"

Afterwards, on the 16th day of *January*, 1783, he made a codicil, commencing thus—" I *Ebenezer Sayward*, on perusing my will, think proper to make the following amendments"—and declaring that sixteen acres of wood land devised to his son *Ebenezer* were meant to him, his heirs and assigns ; and after some changes in the bequests of personal estate to his daughter *Mary*, proceeding as follows :—" *Item.* To give a clear and intelligent meaning to the de-

vise of the residue of my real estate, I hereby revoke the devise of the same in my said will ; and do give and devise the same to my son *Samuel Sayward* his heirs and assigns forever, provided and on condition he lives to the age of twenty one years *and* has issue of his body lawfully begotten ; but in case my son *Samuel* shall die under the age of twenty one years *and* without issue as aforesaid, living his brother *Ebenezer*, then my will is that the same shall vest in my son *Ebenezer*, his heirs and assigns forever. And as my son *Ebenezer* is under age, my will is that my executors improve or lease out the same, in the manner they shall determine most for the interest of the estate, until said *Ebenezer* shall arrive at the age of twenty one years ; and then my will is that said *Ebenezer* have and hold the same until his brother *Samuel* shall arrive to the age of twenty one years." The testator died soon after, leaving six children ; of whom *Ebenezer*, the father of the demandant, was one, and *Samuel* was another.

*Ebenezer* the son, after he arrived at full age, entered into possession of the premises, which he occupied till *Samuel* became twenty one years of age, which was in *January*, 1794 ; when *Samuel* took possession of the farm, and held it till *September* 29, 1829, when he died, never having had issue. In *April*, 1820, *Samuel Sayward* made his last will, which was duly proved after his decease, devising a life estate in part of the premises to his wife, and the reversion, with the residue of the premises, to *Rufus Sayward* the tenant, in fee. And on the 28th day of *September*, 1829, he conveyed all his real estate in fee to the tenant, by deed of that date ; which was not recorded till after his decease ; taking back a lease of the same to himself for life, and of one half to his wife for her life.

After the decease of *Samuel*, the demandant made entry into the premises, claiming title to the same ; his father *Ebenezer* having deceased in the year 1816.

Upon these facts the right of the demandant to recover was submitted to the court.

*J. Holmes* and *D. Goodenow* argued for the demandant, that *Samuel* took only an estate for life, under the will ; to be enlarged into a fee upon his arriving at full age and having issue. The re-

mainder in fee vested in *Ebenezer*, in interest, and was descendible to his heirs; defeasible only on *Samuel's* having issue. *Purefoy v. Rogers*, 2 *Saund.* 388, *note 9*; 4 *Dane's Abr.* 790, 278, 525, 800; 2 *Cruise's Dig.* 28, 261, 265, 266, 272, 281, 395, 443; *Willes*, 327; 1 *Salk.* 224; *Hanson v. Graham*, 6 *Ves.* 239; *Ives v. Legg*, 3 *D. & E.* 488; *Fearne on remainders*, 142, 327, 389, 391, 497, 521; *Brownswood v. Edward*, 2 *Ves. sen.* 243; 1 *Bos. & Pul.* 250, 262; 10 *Mod.* 419; *Marks v. Marks*, 1 *Stra.* 429; 2 *Mass.* 67; 2 *Wils.* 29, 35; 6 *Cruise's Dig.* 523, 524; 1 *Roll. Abr.* 835, 836; *Doe v. Wilson*, 2 *Bos. & Pul.* 324.

The words "heirs" of *Ebenezer* may be taken as words of purchase, to carry the intent of the testator into effect; and he dying before the contingency happened to vest the whole estate in him, it descended to his heirs. *Willes*, 592; *Doug.* 264; 2 *Burr*, 1100; 1 *East*, 264.

*Samuel* did not acquire a conditional or base fee; the condition precedent, viz. having issue, never having been performed. In this respect the case differs from *Barker v. Surtees*, 1 *Stra.* 1175, where no previous condition was annexed. Neither did he take a fee tail. For here were no appropriate words to create an entailment; which the policy of our law, since the statute of 1791 for barring entails, will not allow to be created by unnecessary construction. And whatever estate he was to have had was to commence *in futuro*, without an intermediate estate sufficient to support an entailment. *Pells v. Brown* Cro. Jac. 590; *Porter v. Bradley*, 3 *D. & E.* 146; *Roe v. Jeffrey*, 7 *D. & E.* 596.

But if it was an estate tail in *Samuel*, it has not been barred. For the *Stat.* 1791, *ch.* 61, by which a tenant in tail may aliene in fee, was made since the decease of the testator, and so could not operate on this estate. And if it could, yet the deed from *Samuel* to the tenant was not registered in the life time of the grantor; which, by that statute, is an indispensable requisite. Therefore, on the decease of *Samuel*, it vested in *Ebenezer* in tail.

*E. Shepley* and *Appleton* argued for the tenant, citing the following authorities. 1st. That *Samuel* took a fee simple, with limitation over to *Ebenezer* by way of executory devise. 4 *Kent's Com.*

Sayward *v.* Sayward.

265, 268 ; *Pells v. Brown, Cro. Jac.* 590 ; *Doe v. Webber,* 1
*Barnw. & Ald.* 718 ; *Morgan v. Morgan,* 5 *Day* 517 ; *Anderson
v. Jackson,* 16 *Johns.* 382 ; *Jackson v. Chew,* 12 *Wheat.* 153 ;
*Richardson v. Noyes,* 2 *Mass.* 56 ; *Ray v. Easlin, ib.* 554 ; *Lip-
pet v. Hopkins,* 1 *Gall.* 454 ; *Dean v. Keneys,* 9 *East,* 366 ; *Bar-
rister v. Casey,* 7 *Cranch,* 469 ; *Holmes v. Holmes,* 5 *Binn.* 252.
2d. That this estate became absolute when he arrived at the age of
twenty one years. 4 *Kent's Com.* 7 ; *Ide v. Ide,* 5 *Mass.* 504 ;
*Framingham v. Hogan,* 1 *Wils.* 140 ; *Barker v. Surtees,* 2 *Stra.*
1175 ; 1 *Wils.* 333 ; *Hogan v. Jackson,* 3 *Bro. P. C.* 388 ; 6
*Cruise's Dig.* 197, 200 ; *Rowe v. Hervey,* 5 *Burr.* 2638 ; *Doug.*
763 ; *Brown v. Wood,* 17 *Mass.* 68 ; *Soulle v. Gerrard, Dyer,*
33 ; *Doe v. Jessup,* 12 *East,* 288 ; *Fairfield v. Morgan,* 2 *New
Rep.* 38 ; *Jackson v. Blenshaw,* 6 *Johns.* 54 ; *Arnold v. Buffum,*
2 *Mason,* 208. 3d. That if not, then he took an estate tail, which
was barred by his deed to the tenant. 6 *Cruise's Dig.* 268 ; 4
*Dane's Abr.* 624 ; *Clark's case, Dy.* 330 ; *Doe v. Fyldes, Cowp.*
833 ; *Brown v. Jarvis, Cro. Jac.* 290 ; *Dutton v. Engram, Cro.
Jac.* 427 ; *Chaddock v. Cowley, ib.* 695 ; *Doug.* 321 ; *Brice v.
Smith, Willes,* 1 ; *Roe v. Avis,* 4 *D. & E.* 605 ; *Williams v.
Hichborn,* 4 *Mass.* 189 ; *Hawley v. Northampton,* 8 *Mass.* 2 ;
*Soule v. Soule,* 5 *Mass.* 67 ; *Lithgow v. Kavanagh,* 9 *Mass.* 170 ;
*Wheelwright v. Wheelwright,* 2 *Mass.* 450.

The opinion of the Court was read at the ensuing *September* term,
as drawn up by

MELLEN C. J. From a careful examination of the principal and
leading cases which have a direct bearing on this cause, we are per-
fectly satisfied that by the language employed by the testator in his
codicil, neither an estate for life nor an estate in tail was created by
the devise to *Samuel Sayward* ; and as he was not a tenant for life
nor a tenant in tail, the demandant cannot take any estate under the
codicil by way of remainder. " A remainder is a remnant of an es-
tate in lands or tenements, expectant on a particular estate created
together with the same at one time. *Fearne on Remainders,* 11,
12. " It follows," says *Fearne,* " that wherever the whole fee is

first limited, there can be no remainder in the strict sense of the word ; therefore, if I limit an estate to the use of *A* and his heirs, till *C* returns from *Rome*, and after the return of *C* to the use of *B* in fee, the whole fee being first limited to the use of *A*, there is no remnant left to limit over, and consequently the limitation to *B* cannot be a remainder within the foregoing definition." In the present case the whole fee was devised by apt and technical words to *Samuel*, subject to the conditions and limitations immediately following. In *Lippett v. Hopkins*, 1 *Gall*. 454, Mr. Justice *Story* says, " If a devise be to one and his heirs, and upon a limited contingency to take effect in his life, as upon his dying under age, then over, the first estate is a fee simple, whether the ultimate devisee be an heir or a stranger ; for the second devise is a limited contingency, and good as an executory devise." This rule on principle was introduced at an early period, and was adopted in the great and leading case of *Pells v. Brown*, *Cro. Jac.* 590, which, though for a time doubted, and in some instances opposed, soon after became an undisputed guide, and has never since been departed from, but acknowledged and followed in numberless instances ; we need name only a few cases. *Porter v. Bradley*, 3 *D. & E*. 143; *Roe v. Jeffrey*, 7 *D. & E*. 589; *Doe v. Watson*, 2 *Bos. & Pul.* 324 ; *Goodtitle v. Gurnal*, *Willes*, 211 ; *Jackson v. Blanshan*, 6 *Johns.* 54; *Richardson v. Noyes*, 2 *Mass*. 56 ; *Ide v. Ide*, 5 *Mass.* 500; *Ray v. Euslin*, 2 *Mass.* 554. These show that if the demandant has any title under the codicil to the demanded premises, it is by way of an executory devise to *Ebenezer Sayward* and his heirs; for the contingency contemplated by the testator was not an indefinite failure of issue, but on *Samuel's* dying without issue in the life time of *Ebenezer*, which brings the case distinctly within the rule, as to executory devises, established and adhered to in the several cases abovementioned. If *Samuel* had died under age and without issue, in the life time of *Ebenezer*, then it would clearly have been a good executory devise of the estate to him.

Our next inquiry is whether the limitation to *Ebenezer* or his heirs ever took effect. This depends on the construction of the language of the devise, in connexion with the intentions of the devisor, which

are always to be carefully regarded; and as far as the settled princi-ples of law will permit, carried into execution. It may be useful on this head to examine the language of the will, which was afterwards revised by the testator in his codicil, as furnishing evidence of his intentions. It is observable that the testator, in the will, did not in any of the devises make use of the technical language of "heirs and assigns," though he doubtless intended to devise a fee, except in those parts of the will where he expressly made a different disposi-tion. The devise to *Samuel* is in these words: "I give and be-queath to my fifth son, *Samuel Sayward,* all my lands, buildings and other real estate, not heretofore disposed of; to have the possession thereof when he comes to be twenty one years of age." "Furth-ermore my will is that if my son *Samuel* should die before he is twenty one years of age, without lawful issue, or after that term, and doth not dispose of the aforementioned buildings and land, then they shall be my son *Ebenezer's.* Thus it appears clearly to have been the intention of the testator, that if *Samuel* should have no issue, but should survive the age of twenty one, he should have full power to dispose of the estate as his own; and in such case, *Ebenezer* would never derive any advantage from the devise. In the following year the testator made the codicil to his will, commencing with these words. "I *Ebenezer Sayward,* on perusing my will, think proper to make the following amendments." He does not profess an in-tention to make alterations as to his real estate; but after throwing the devise of sixteen acres of woodland to *Ebenezer* into more tech-nical language, by adding the words, "his heirs and assigns," and making some changes in relation to the bequest of certain personal property to his daughter *Mercy,* he proceeds thus: "*Item.* To give a clear and intelligent meaning to the devise of the residue of my real estate, I hereby revoke the devise of the same in my said will; and do give and devise the same to my son *Samuel Sayward,* his heirs and assigns forever; provided and on condition he lives to the age of twenty one years, and has issue of his body lawfully be-gotten; but in case my son *Samuel* shall die under the age of twen-ty one years, and without issue as aforesaid, living his brother *Eb-enezer,* then my will is that the same vest in my son *Ebenezer,* his

heirs and assigns forever." Now the case finds that *Samuel* did not die under the age of twenty one years, nor in the life time of *Ebenezer*, though he died without issue. From the express language of the devise, therefore, it appears to have been the intention of the testator that the estate should never vest in *Ebenezer* or his heirs unless those events should happen, which have never actually taken place. For if *Samuel* had married and died under the age of twenty one years, leaving issue, such issue could have taken nothing under the devise; hence we see the reason for considering that it must have been intended by the testator that both the specified events should take place before the estate should vest in the ultimate devisee. This is the reason assigned in the following cases, (in which the testator had provided that if the first devisee should die under age or without issue, on a limited contingency, then the estate should go over,) why the word "or" was construed to mean "and." It was from respect to the general presumed intentions of the testator, and in order that those intentions should not be defeated. *Price v. Hunt, Pollexfen,* 645 ; *Barker v. Surtees,* 2 *Strange,* 1175 ; *Framingham v. Brand,* 1 *Wils.* 143 ; *Fairfield v. Morgan,* 5 *Bos. & Pul.* 30 ; *Wilkins v. Kernys,* 9 *East,* 366 ; *Eastman v. Barker,* 1 *Taunt.* 174 ; *Jackson v. Blanshan,* 6 *Johns.* 54 ; *Anderson v. Jackson,* 16 *Johns.* 382 ; *Ray v. Euslin,* 2 *Mass.* 554. *A fortiori,* in the present case, where the conditions or events are expressed conjunctively by the word "and," a strict compliance with them cannot be dispensed with by the court.

The next question is whether the demandant is entitled to recover one thirty fifth part of the estate, as one of the heirs at law of his grandfather, the testator. This also depends on the nature, terms and construction of the devise under consideration. Though these qualifying terms are so worded as at first to appear to constitute two conditions, yet there is only one with two branches. The case in simple language amounts to this. The testator says " I devise my homestead farm to my son *Samuel*, his heirs and assigns forever ; but if he should die under the age of twenty one years and without issue, in the life time of my son *Ebenezer*, then the estate shall vest in him and his heirs." But even if the devise be considered as

qualified by two contingencies; one in respect to *Samuel* and the other in respect to *Ebenezer;* still we apprehend the legal result must be the same, or else the evident intentions of the testator must be disregarded. We have just stated the reason given in the above cited cases, for substituting the word " and" for the word " or," where the contingencies on which the devise over is to take effect are expressed disjunctively; namely, that if they were construed in that manner, the case might often happen that the first devisee might marry and die under age, leaving issue; the devise over would then take effect and the issue be thus disinherited; an event, which the testator, surely, could never have intended. Now, to prevent such an undesigned and unwelcome consequence, and to render the law consistent with itself, the word " and" in the sentence immediately following the devise to *Samuel*, should be construed " or "; for if not so construed, then also if *Samuel* had died under age, leaving issue, they could have derived no benefit from the devise to their father, although the devise over never did or could take effect; and thus the whole devise would be completely frustrated. The same reason operates with equal force in both cases, and the same rule of construction, we apprehend, ought to operate in both. In *Price v. Hunt*, it was decided that " or " is to be taken for " and "; and " and " is to be taken for " or," as may best comport with the intent and meaning of the devise or grant.

It is a well settled principle that the condition on which the estate thus devised to *Samuel* was to be defeated, was a condition subsequent; and of course, on the death of the testator, the estate was immediately vested in *Samuel*. *Barker v. Surtees,* before cited ; *Doe v. Underdown, Willes,* 493 ; *Lippett v. Hopkins,* 1 *Gal.* 454. But it never was so defeated, because the specified events never took place ; and therefore *Samuel's* fee simple conditional was never divested, but on his arrival at the age of twenty one years was changed from a conditional or determinable estate into an absolute estate in fee simple. The following cases will shew this to be the legal result. In the before cited case of *Price v. Hunt,* the devise was to the son in fee, with a devise over on the contingency of his dying before the age of twenty one years, or without lawful issue.

The son arrived at full age, but died without issue, and the second devisee claimed the estate and brought his action against the heir at law of the son.   The decision was in favor of the defendant.   The same point was decided in the same way in the House of Lords in the before mentioned case of *Fairfield v. Morgan* ; which was an action brought by the devisee over against the grantee of the first devisee.   It may be said that these cases and some of the others like them, do not go to establish the title absolutely in the first devisee, but merely to decide that the devise over never took effect, and of course that the actions could not be maintained ; as the demandants could only recover on the strength of their own title, and not on the weakness of that of the tenants.   But admitting this to be so, there are at least three cases where the question of title was so presented that judgment could not have been rendered in favor of the demandants in two of them, and for the defendant in the other, except on the ground of the absolute title of the first devisee.   The first of these is *Eastman v. Baker*, 1 *Taunt.* 174, in which the plaintiff's lessor claimed the premises under *Jane Boatfill*, to whom the estate was devised upon a contingency similar to that in the present case, against *Baker*, who claimed the same under a title derived from the devise over, which devise never took effect.   The court decided in favor of the demandant, and established his title.   The second is the before cited case of *Ray v. Euslin.*   This was an action of dower, and the question in the cause was whether the demandant's husband was seised in fee of the premises during the marriage.   It appeared that he held the estate by certain mesne conveyances from *Deborah King*, the first devisee ; and the defendant claimed to hold them under the will as heir in tail.   The court decided that an estate tail was not created by the will, but an executory devise ; and as the devise over never took effect, the sale by *Deborah King*, the first devisee, passed the fee, which was afterwards vested in the husband ; his seisin was thus proved, and the plaintiff recovered.

The third case is that of *Jackson v. Blanshan*, before cited, in which *Kent C. J.* examined most of the English decisions relating to the subject.   In that case the testator had six children, and de-

vised his estate to them in fee adding, " but if any one or more of my abovenamed children should die before they arrive to full age, or without lawful issue, that then his, her or their part or share of my estate shall devolve upon and be equally divided among the rest of my surviving children and their heirs and assigns forever." Four of the children died at full age, in the life time of *Matthew* and *Brachie,* (the other two,) each leaving issue. *Matthew* died after the age of twenty one years without lawful issue. *Brachie* and her husband were the lessors of the plaintiff; and the defendant held under a person to whom *Matthew* had mortgaged it some years before his death. The question reserved was whether the lessors had any and what interest in the premises devised to *Matthew* in the will. The Chief Justice says, " *Matthew*, one of the sons, died, without lawful issue, after he was of full age, and after he had parted with the estate by a title, under which the defendant now holds, leaving *Brachie* one of the lessors, as the only surviving child of the testator. It is settled that the devise to *Matthew* became absolute, as soon as he arrived at the age of twenty one, though he had no lawful issue ; and the devise over did not take effect." In that case the plaintiff's lessor was an heir at law of the testator ; and if he had been considered as having died intestate as to *Matthew's* part, then the plaintiff would have been entitled to recover. Yet the court decided that there was no intestacy as to any of the property ; but that the defendant, who claimed the estate under *Matthew*, had an indefeasable title against the devisee over and the heir at law of the testator. In principle that case is not distinguishable from the one at bar ; and there is scarcely any difference in the facts. In both, the first devise, after one of the specified contingencies had taken place, conveyed the estate in fee ; in that, the grantee was decided to have the perfect and absolute title ; and in the present case, the tenant who is the grantee of *Samuel Sayward*, the first devisee, for the same reason has acquired a good and absolute title to the premises demanded.

We might have multiplied authorities in support of our decision, on the several questions presented by the facts of the case ; but we preferred the selection of the most important and leading cases,

deeming them amply sufficient for the purpose. Any thing beyond this would have appeared more like parade than utility.

*There must be judgment for the defendant.*