### KELLEY, et al v. DIXON, et al.
No. 24414.

Circuit Court, Brevard County.

January 11, 1963.

French C. Davis, Daytona Beach, and Homer C. Conkling, Jr., Titusville, for plaintiffs.

Lloyd Campbell of Snow & Campbell, Cocoa, for two groups of defendants.

Joe A. Cowart, Jr., Cocoa, for three groups of defendants.

VOLIE A. WILLIAMS, Jr., Circuit Judge.

This cause coming on for final hearing and the court having considered the pleadings, the evidence adduced by the parties and argument of counsel and it appearing to the court and the court finding that this is a suit in equity for a declaratory decree for the construction of portions of the will of Marguerite J. Davis, deceased, and to determine whether a certain specific devise bears its share of estate taxes and that the county judge of Brevard County has not heretofore determined the rights of the parties to this suit under the will herein sought to be construed and no petition for such determination was pending in said probate court at the time the complaint was filed in this court and that this court has jurisdiction of this cause under §§87.02, 87.04 and 732.42, Florida Statutes, and other laws, and of the parties and that such parties are all who are necessary for a proper adjudication of the cause and that the will in question is subject to different constructions under each of which the rights of the parties in and to the property devised will vary and that uncertainty arising from the language used in the will obscures the intent of the testatrix and that there is a justiciable controversy between the parties as to the proper interpretation of said will; that paragraph 4 of said will provides as follows —

"FOURTH: I give, bequeath and devise to my first cousins Russell Henry Dixon and LeRue Dixon of Cocoa, Florida, and Winifred Dixon Wilson of Jacksonville, Florida, and Robert E. Fish of Fort Pierce, Florida, and Mr. and Mrs. Roy A. Martin, Sr., Cocoa, Florida, all of Lot 3 (except Island Beach Sheet #2) in Section 2, Township 25 South,

Range 36 East, which is my grove on Merritt Island, Brevard County, Florida. The above described property to be divided, share and share alike. In the event of the death of Robert E. Fish and Winifred Dixon Wilson prior to this will taking effect then in such event the above described property shall be divided with the remainder still surviving, share and share alike."

that Robert E. Fish predeceased the testatrix, but Winifred Dixon Wilson survived her; that the plaintiffs are the lineal descendants of Robert E. Fish and they contend the last sentence in the above quoted provision in connecting the two named devisees with the conjunctive word "and" is so worded as to be effective only in the double contingency of the death of both of said named devisees prior to the death of the testatrix and that, because the defendant Winifred Dixon Wilson did not predecease the testatrix, both conditions had not occurred, the last sentence of the quoted will provision is inoperative and the devise to Robert E. Fish was not devised over to the other beneficiaries by said will and did not lapse but that the plaintiffs take his share under the Florida antilapse statute, §731.20, Florida Statutes, because he was blood kindred of the testatrix; and the court being fully advised in the premises, it is ordered, adjudged and decreed as follows —

(1) From a consideration and study of the will in its entirety, from the pleadings, from the testimony of the plaintiffs' witness, and other evidence, the court finds, declares and decrees that in and by the last sentence of the fourth paragraph of her will the testatrix intended to provide for a substitutional gift over to the surviving devisees in the event of the death of either or both of the two specifically named devisees. In attempting to determine the true wishes of the testatrix the court has tried to put itself in the place of the testatrix and, as permitted by Pancoast v. Pancoast, Fla. App. 1957, 97 So.2d 875, and other cases, has considered the circumstances of the testatrix at the time of the execution of the will.

A study of the questioned will provision together with the testimony actually taken by the court is such as to indicate that the testatrix intended to devise a parcel of her property to her first cousins, naming four of them, and also decided to give her friends "Mr. and Mrs. Roy A. Martin, Sr." a share in the property. The grouping of the devisees in the will indicates that the first two named devisees resided in Cocoa, Florida, while Winifred Dixon Wilson is listed of Jacksonville, Florida, and Robert E. Fish is listed of Fort Pierce, Florida. Therefore, it should appear to the court that two of the first cousins resided in Cocoa with the testatrix and were, in all probability, closer and better known to the

testatrix. In fact, the testatrix in the third paragraph of her will showed special preference for her cousin Russell Henry Dixon, giving him a separate parcel. The testimony before the court also indicated that Robert E. Fish was divorced in about 1931 from his then wife (who testified before the court) and the wife appeared to be pleased with the fact that she had been able to win the custody of the two children of that marriage (who are the plaintiffs in this cause). If the court was interested in the reason and motive of the testatrix in desiring that the devise to Robert E. Fish and to Winifred Dixon Wilson would not go to their children in the event they predeceased the testatrix, but would be re-distributed among the other devisees, here is sufficient reason in that these particular devisees did not live near the testatrix and in the very case of Fish it appears that his ex-wife had received the custody of his children and he had remarried. In any event, the only reasonable and intelligible interpretation of the questioned language is that by it the testatrix manifested an intention to provide for a "substitutional gift over" to provide for someone to take the gift of Robert E. Fish and Winifred Dixon Wilson in the event of the death of the original beneficiary before the death of the testatrix.

As indicated to the court at the oral argument, it is exceedingly common for a testator to leave property to certain named persons and it is equally common for the testator to consider the problem which occurs when one of the named persons predeceases the testator. These testamentary provisions for substituting others in the place of the original beneficiary are called "substitutional gifts over". In actually wording these gifts over, many problems arise relating to the construction of the words "and" or "and/or". The trouble is that if the conjunctive "and" is used, then people will contend, as in this case, that the deaths of all the beneficiaries are necessary in order to make the substitutional provision effective. Likewise, if the word "or" is used, it is sometimes argued that, such being disjunctive, the language does not encompass the event when all of the persons connected with the word "or" actually predecease the testator. In other words, in this instance, the plaintiffs claim that the language means a double event and requires the death of both Robert E. Fish and Winifred Dixon Wilson in order for the share of either or both to be re-divided "with the remainder still surviving". If their type of strict interpretation were followed, then it should also be realized that in the event the will in question had used the word "or" instead of the word "and" and both of the named persons had died, then they would likewise contend that the language, being in the disjunctive, was effective only if one "or" the other had died and since both had died the language was likewise ineffective. It is at this spot of confusion and thinking that some draftsmen turn to the

infamous "and/or" as stated in the annotation in 118 A.L.R. at page 1367. This term is used to avoid a construction which, by the use of the disjunctive "or" alone, would exclude the combination of several of the alternatives, or by the use of the word conjunctive "and" alone, would exclude the efficacy of any one of the alternatives standing alone and since its character is a deliberate amphibology, it is purposefully ambiguous. Of course, the writer agrees with Mr. Justice Terrell that the phrase "and/or" has no place in careful drafting. The term has received vigorous condemnation from judges and law writers. The Florida court in Cochrane v. Florida East Coast R. Co. (1932), 107 Fla. 431, 145 So. 217, refers to this language as "one of those inexcusable barbarisms which was sired by indolence and damned by indifference, and has no more place in legal terminology than the vernacular of Uncle Remus has in Holy Writ."

It is because of all the confusion evident from the preceding comments and so clearly set forth in the case of Rutland v. Emanuel, 202 Ala. 269, 80 So. 107, that courts allow the words "and" and "or" to be used interchangeably as may best comport with the intent and meaning of the testator. See the annotation in 30 A.L.R. 2d, page 127 at page 163. Once it is understood and determined what the testator was trying to do in making a specific reference to Robert E. Fish and Winifred Dixon Wilson and that it was her intention to provide for a substitutional gift over in the event of the death of these beneficiaries before the testatrix, then, in that event, it becomes very apparent that the testatrix did not intend to require a double event. She simply did not want the Fish children to receive the share of Robert E. Fish in the event that he predeceased her and she likewise did not want the descendants of Winifred Dixon Wilson to receive her share in the event she predeceased the testatrix. There is no warrant in logic or otherwise to indicate that Mrs. Davis desired that the Fish children receive an interest notwithstanding that their ancestor had died but merely because Mrs. Wilson did not predecease her, and vice versa.

Many cases have been cited by both parties relating to whether the disjunctive word "or" may be substituted for the conjunctive word "and" in construing will clauses. The cited cases relate to many different situations. In Marshall v. Hewett (1945), 156 Fla. 645, 24 So.2d 1, it is said that once the intentions of the testator have been discovered "the wording of the will will be given such liberal construction and interpretation as will effectuate the intention of the testator so far as may be consistent with established rules of law". If, in order to carry out the intention of the testatrix that Robert E. Fish was to receive a share in the devised property only if he outlived the testatrix, it is necessary to

construe "and" as "or" there appears to be ample authority to do so. See Rutland v. Emanuel, supra; Coffin v. Short (R.I.), 106 A.2d 262, 46 A.L.R. 2d 519; Roome v. Phillips (1862), 24 N.Y. 463; Sayward v. Sayward (1831), 7 Me. 210, 22 Am. Dec. 191; Seabrook v. Mikell (1840), 15 S.C. Eq. (Cheves) 80; Words and Phrases, Permanent Edition, volume 3, pages 603, 604 and 605; 57 Am. Jur. 752, §1154. A testamentary provision making a specific gift over in case of the death of the first beneficiary before that of the testator prevents the lapse of the gift to the first beneficiary. The doctrine of "lapsed devise" applies only when there is no further disposition of the property by the will. Since in this case "an intention appears from the will to substitute another in his place", §731.20, Florida Statutes, is inapplicable. See also 63 A.L.R. 2d 1172.

(2) The defendants proffered the testimony of the attorney who drafted the will relating to the expressed intentions of the testatrix with respect to the substitutional gift over which is in question. The court hereby grants the plaintiffs' objection to the admissibility of such testimony and it has been excluded from admitted evidence and from any consideration by this court. While the court is aware that certain testimony of the attorney who drafted the will may be admissible under certain circumstances (In re Mullin's Estate, Fla. App. 1961, 133 So.2d 468) and that such extrinsic evidence has been used to show intention as to lapsing by the death of the beneficiary (see cases in 194 A.L.R. 26, at page 197), such testimony should be cautiously received and because of substantial questions in this case relating to whether the will is itself ambiguous and whether the ambiguity is latent or patent, the court is of the opinion that the proffered testimony as to declarations of intent or instructions given the attorney directly by the testatrix should not be received as evidence.

(3) The will in question was executed in 1952 when §734.041, Florida Statutes 1949, provided that estate taxes should "be equitably prorated among persons interested in the estate to whom such property is or may be transferred. . . . " This statute was amended in 1957 to require that such taxes "be paid from the residuary estate" unless the will directed that such taxes be apportioned or paid in some particular manner. The will contained no provision relating to payment of estate taxes and the testatrix died in 1961 without changing her will. Section 734.041(2), Florida Statutes 1957, specifically provides that it applies "to estates of decedents dying after May 13, 1957." The law in effect at the time of the death of the testator and not the law in effect at the time of the execution of the will, generally controls the operative effect thereof and the rights of the parties thereunder. See Redfearn, Wills and Administration of Estates

in Florida, volume 1, page 204, and the annotation at 129 A.L.R. 859. The testatrix could have changed her will if she did not desire the 1957 statute to apply to her estate taxes.

(4) By the prayer in their complaint the plaintiffs also petitioned the court for an order making allowance for attorney's fees. The defendant devisees other than Mr. and Mrs. Roy A. Martin, Sr., also request an allowance of attorney's fees in their answer. The only authority for attorney's fees in this case is §734.01(2), Florida Statutes, authorizing allowances of such attorney's fees to "any attorney who has rendered services to an estate". If this statute contemplates payment of legal services in suits to construe an ambiguous will, this court would appear to have jurisdiction to entertain petitions for attorney's fees in cases where such services have been rendered in this court under the concurrent jurisdiction of courts in equity to construe wills as provided by §732.42, Florida Statutes. This statute has been construed to authorize payment for legal services only when such services benefit the estate (In re Gleason's Estate, 74 So.2d 360, 362) although it is not necessary that the attorney performing the services be successful in having his client receive a greater share of the estate than he would have received had such services not been rendered (see In re Wilmott's estate, 66 So.2d 465). This is not a case to contest the validity of the will or to thwart the obvious intention of the testatrix but is a suit to construe the will in a search for the true intention of the testatrix when such intention is obscured by uncertainty arising from the language employed by the testatrix in her will.

The services of all of the attorneys involved in this case, in aiding the court to construe the will and in obtaining an adjudication as to payment of estate taxes — the executor, who is also the residuary devisee, in his answer and brief contended, contrary to this decree, that the specific devise should be charged a proportionate share of its estate taxes — benefited the estate in establishing the true will and intent of the testarix, and in providing for a correct distribution and correct placement of the burden of estate taxes. The court finds this litigation was necessary, undertaken in good faith, and upon reasonable grounds, and that the services of the petitioning attorneys were valuable and of benefit to the estate as distinguished from benefiting interested parties. The court hereby orders that for services rendered to the estate the petitioning attorneys of the plaintiffs, Homer C. Conkling, Jr. and French C. Davis, be allowed the sum of $900, to be divided between them as they see fit, and the petitioning attorney, Joe A. Cowart, Jr., attorney for other devisees, be allowed the sum of $900, and Lloyd Campbell, attorney for the executor and other devisees, be allowed the sum of $900, which sums the court hereby

finds to be reasonable and which sums the defendant, Manning J. Davis, as executor of the estate of Marguerite J. Davis, deceased, is hereby directed to pay from estate assets as an estate expense.

(5) While at the hearing held on December 7, 1962, the attorney representing the executor objected to the court receiving testimony as to attorney's fees, the court overruled said objection. Then, the same attorney removed his hat as lawyer for the estate and placed on his hat as attorney for two of the devisees under item 4 of the will. Without objection from any of the parties (not even the executor) he amended the answer of his devisees under the will to include a prayer for attorney's fees and, by stipulation of all parties (including the executor) adopted the testimony of the expert witness who appeared on behalf of Russell Henry Dixon as to reasonable attorney's fees. Said testimony produced the opinion the reasonable value of the services was the sum of $800. Testimony proffered by plaintiffs' experts placed a reasonable value of services rendered by plaintiffs' attorneys to as much as $8,500.

There was testimony indicating the value of the estate exceeded $800,000 and the appraised value in the county judge's court of the parcel described in Item 4 of the will at $88,000.

Reason and logic compel the court to determine a reasonable fee for the services rendered to the estate. Then, an apportionment of such fee should be made among the lawyers representing the parties.

The court finds the reasonable value of the services rendered to the estate in the sum of $2,700. It further finds that the attorneys representing the plaintiffs are entitled to one-third thereof; the attorney representing Russell Henry Dixon, LaRue Dixon and Winifred Dixon Wilson, is entitled to one-third thereof; and the attorneys representing both the executor, Roy A. Martin Sr. and Ella B. Martin, are entitled to one-third thereof. This last allowance contemplates the value of extraordinary services rendered to the estate in connection with this suit. While this court is aware it cannot set fees for extraordinary services, neither should an attorney ever undertake to represent two or more parties whose interests are diverse as was done here. It is better for the penalty to fall upon that attorney than for the estate to pay twice for such services. The clerk of this court is directed to certify a copy of this order for inclusion in the file of "In Re: Estate of Marguerite J. Davis, deceased, in the County Judge's Court of Brevard County, Florida," to the Honorable Virgil Conkling, County Judge, Brevard County, Florida.

(6) This is an adjudication on the merits of this cause, final and appealable.