PIERCE, *Adm'r, v.* BAKER & *a.*

Under a will giving to M. and M. "and to the longest liver of them, all my household furniture, in addition to an equal share to each of them in the distribution of the residue of my estate," M. and M. do not take their shares of the residue as joint tenants.

BILL IN EQUITY, to obtain the construction of the following clause of the will of Abel Hutchins : " In consideration of kind care and affectionate regard of my two daughters, Mary and Martha, so long and so constantly manifested towards me and their mother, I give and bequeath to them and to the longest liver of them, all my household furniture in the house where I now live and which may be there at the time of my decease, in addition to an equal share to each of them in the distribution of the residue of my estate." The court reserved the question whether Mary and Martha took their shares of the residue as joint tenants.

*Albin & Streeter,* for the plaintiff.

*George* and *Sanborn & Clark,* for J. K. and nine other defendants.

DOE, C. J. Every conveyance or devise of real estate made to two or more persons creates an estate in common, and not in joint tenancy, unless it is expressed therein that such estate is to be holden by

the grantees or devisees as joint tenants, or to them and the survivor of them, or other words are used clearly expressing an intention to create a joint tenancy; and joint heirs are tenants in common. Rev. St., c. 129, ss. 2, 3; Gen. St., c. 121, ss. 14, 15. The presumption in favor of a joint tenancy, and against a tenancy in common (2 Bl. Com. 193, 399; 2 Kent Com. 350, 351; 4 id. 361), does not prevail here. The English rule, that if there are no words of severance, devisees and legatees are joint tenants, is in this state reversed. By usage, and the general understanding of the people, promoted by seventy years' operation of the statute on conveyances and devises of real estate, it is a part of our common law that if an intention to create a joint tenancy is not expressed, legatees are not joint tenants.

In this case, we think the will expresses the testator's intention that a line should be drawn between his furniture and the residue of his estate; that the residue should be distributed as if there were no will and no furniture; and that, in addition to the shares of the residue severally received by Mary and Martha, they should take the furniture in joint tenancy.

Extraneous evidence is offered, in the light of which, it is claimed, the testator's intention appears to make Mary and Martha joint tenants of their shares of the residue. But we think the evidence offered, if it is competent, does not show that the will extends the joint tenancy beyond the furniture. It is argued that the testator must have understood the furniture would be of too little value to be such a reward as he intended for the care, kindness, and affection so long and constantly manifested; and of too little value to be the cause of making a will, and appointing two executors. But there is nothing in the will, or the extraneous evidence, showing it to be improbable that he intended to limit the joint tenancy to the furniture: and two executors were probably appointed for the purpose of administering the residue. There is often a special reason for providing against a division of the furniture of the testator's home. And it is not understood that legatees would generally consider themselves rewarded or specially favored by being made joint tenants instead of tenants in common of all the property given them. *Miller* v. *Miller*, 16 Mass. 59, 61.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.