BODWELL *v.* NUTTER *& a.*

The interpretation of a will, being the ascertainment of the fact of the testator's intention, is ordinarily determined by the natural weight of competent evidence proving that fact, and not by artificial and technical rules.

An interest in land does not pass, by resulting trust, from the owner to one whose money is expended in improving the land.

BILL IN EQUITY, by the administratrix (who is the widow) of Moses Bodwell, for a construction of his will, the establishment of a resulting trust, an injunction, and a sale of land. Facts found by a referee. The following are two items of the will:

I. "I give, bequeath, and devise to my beloved wife, Susan Bodwell, all my estate, both real and personal, for and during the term of her natural life, to have and to hold the same to her and her assigns, with all the appurtenances thereto belonging for and during the term aforesaid; and she is hereby authorized to sell at public auction or private sale, or otherwise dispose of, both my real and personal estate, or any part thereof, whenever it may seem for her interest so, to do; and she is hereby authorized to use so much of the income and principal of said estate as may be needful for her comfortable maintenance and support for and during the time aforesaid, or so long as she shall remain my widow."

II. "I give, bequeath, and devise to my three daughters * * *, to be equally divided among them, whatever and all of said estate as shall remain after my said wife's decease, to have and to hold the same to their own use and benefit forever."

*George & Shirley*, for the plaintiff.

*L. S. Morrill*, for the defendant Dickerman.

Doe, C. J.    A trust, resulting from the plaintiff's payment of the price, or part of the price, of land conveyed to her husband, the testator, is not found by the referee, and there is no evidence on which it can be found.    Three hundred and fifty dollars of her money was expended in erecting or repairing buildings upon land bought by him in Bow.    The money thus applied was given to him.    He sold the land, and paid the proceeds for other land in Concord bought by him, and conveyed to him.    Four hundred dollars of her money was used in enlarging or repairing buildings upon the Concord lot, and she has expended $500 more upon the same lot.    She paid no part of the price, but furnished money for the improvement of his land.    There was no resulting trust.    *Francestown* v. *Deering*, 41 N. H. 438.

Without the limitation expressed by the words "or so long as she shall remain my widow," the will would give the plaintiff a life estate and a power of sale.    *Burleigh* v. *Clough*, 52 N. H. 267.    "To have and to hold the same to her and her assigns" is superfluous. Without that clause, the life estate would go to her and her assigns.

"So long as she shall remain my widow" means "so long as she shall remain unmarried;" and her marriage with Sanborn terminated whatever interest was limited by this clause.    The extent of the interest thus terminated is not clear.    Without the widowhood clause, the first item would give her a life estate, power to sell all or any of the estate "whenever it may seem for her interest so to do," and authority "to use so much of the income and principal of said estate as may be needful for her comfortable maintenance and support."    The second item gives the daughters the remainder after her decease, and is silent as to widowhood.    ":Income," as well

as "principal," is named as the property of which she is to have, a needed use *(Cram* v. *Cram)* [*ante* 35] during widowhood; and the literal meaning of some part of the will is necessarily qualified by the literal meaning of some other part. The interpretation, being the ascertainment of the fact of the testator's intention, is determined by the natural weight of competent evidence proving that fact, and not by artificial and technical rules. *Kimball* v. *Lancaster*, 60 N. H. 264. The whole will, taken together, shows a preponderance of probability that he did not intend the plaintiff's interest in his estate should wholly cease at second marriage. The vidual limitation, not extended by legal presumption, applies to her consumption of the principal, and leaves her a life estate.

The tenant for life did not acquire the daughters' remainder by twenty years' exercise of her right of possession. It was her duty to pay the taxes. *Peirce* v. *Burroughs*, 58 N. H. 302; *Morrison* v. *Manchester*, 58 N. H. 538, 557; *Clark* v. *Middlesworth*, 82 Ind. 241, 249, 252; Burroughs Taxation 353. Her mortgage of the land did not work a forfeiture of her life estate. Gen. Laws, c. 135, *s.* 18; 4 Kent Com. 82, 427; *French* v. *Prescott*, 61 N. H. 27; *M. W. Hotel Co.* v. *Marsh* [*ante* 230]. No cause is shown for an injunction or a sale.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.