Cheshire, }
June, 1896. }

STRATTON, *Ex'x, & a., Ap'ts, v.* STRATTON *& a.*

The construction of a will is the ascertainment of the testator's expressed intention.

The contents of the will, the situation of the testator with reference to surrounding circumstances, his family, the legatees and devisees under the will, the nature and situation of his property, facts tending to place the court in the position of the testator, are competent evidence upon the question what the testator meant by the words he used.

PROBATE APPEAL, from a decree of distribution upon the estate of Isaac Stratton. Trial by the court. The parties agreed that the case should be considered as a bill in equity for the construction of the will and codicil thereto of said Stratton. The material parts thereof are as follows:

"Third. I give and bequeath unto my granddaughter, Bessie K. Stratton, ten dollars; this with the property that I gave her deceased father that will come into her possession at my decease will make her share of my property.

"After paying off the legacies to my grandchildren, funeral charges and debts, I will and bequeath the remaining part of property as follows:

"First. I give and bequeath unto my beloved wife, Lucy E. Stratton, one half of my household furniture and my gold watch and chain. I also give and bequeath unto her, one third of my real estate and personal property. I will and decree her the right privilege of taking as a part of her share of her dower, my house in Keene, No. 28 Court street, for ($2,500) twenty-five hundred dollars, including all the gas fixtures and lighting apparatus, furnace and stoves and water apparatus belonging to the house. The above bequest is to be her dower.

"Second. I give and bequeath unto my son, Menzies E. Stratton, one third of my real estate and personal property, excepting my household furniture, music-box, and watch. Whereas I lent him $300, December, 1881, and his bank note of two hundred dollars that I signed, dated September, 1882, I paid for him, I therefore decree that ($500) five hundred dollars may be taken from his legacy with no interest.

"Third. I give and bequeath unto my daughter, Josephine W. Richardson, one half of my household furniture and music-box. I also give and bequeath unto her, the use and income of one third of my real estate and personal property during her life, since she is well off and has no issue. I will and decree the same property unto my grandson, Edwin W. I. Stratton, to come into possession of it after the decease of my daughter. I decree that there shall be no bondsmen required of my daughter for the safe keeping of the property willed to my grandson, and if she thinks it expedient she may pay him such portions of his legacy while she is living, as he may happen to need, and take his receipt for the same. If my grandson decease before my daughter, without wife or issue, then at the decease of my daughter, it shall revert to my legal heirs, including my wife, Lucy, as one equal with them."

The codicil is as follows:

"Know all men by these presents, that I, Isaac Stratton of the town of Keene, in the County of Cheshire and State of New Hampshire, considering the uncertainty of this life and being of sound mind and memory, do make and declare and publish this my last codicil to my foregoing will, made the 24th day of January, 1891.

"Whereas my daughter, Josephine W. Richardson, has deceased since the date of my will, I hereby revoke that part of

my will to my deceased daughter, and give and bequeath unto my wife, Lucy, the same household furniture that I willed to my deceased daughter. I also will and decree that my wife, Lucy, shall take the place in relation to my grandson's legacy that is stipulated in my foregoing will to my daughter Josephine.

"Whereas my daughter, Josephine W. Richardson, left considerable property, and if I decease before her estate is settled, and in the end the law gives me her property, I will and bequeath the same in equal parts to my wife, Lucy, and my son, Menzies Stratton, and my grandson, Edwin W. I. Stratton, and my granddaughter, Bessie Kendall Stratton, her last year's school expenses to be deducted from her share, because it is expected that Josephine W. Richardson's estate will have to pay the bill."

The testator's daughter, Josephine W. Richardson, mentioned in the will and codicil, died in Chicago, July 24, 1891, leaving property of the estimated value of from forty to fifty thousand dollars. She left a husband, Lloyd D. Richardson, surviving her, but no lineal descendants. There was a dispute as to her domicile. The husband claimed it was in Illinois, and that under the laws of that state he would inherit all her estate, to the exclusion of the father. The father claimed it was in Arkansas, and that under the laws of that state he would inherit all her estate, to the exclusion of the husband. The codicil was made by the testator before the estate of his daughter, Josephine W. Richardson, was settled. March 20, 1893, subsequent to the making of the codicil and before the testator's death, the testator made a settlement with Lloyd D. Richardson, the husband of Josephine W., by which he received the sum of twenty thousand dollars, in four promissory notes signed by one Reynolds and indorsed by Richardson, for his claim as heir to his daughter's estate, and assigned his claim to Richardson. Notice of the assignment was given by Isaac Stratton to the administrator of Josephine W. Richardson's estate.

The probate court ordered and decreed that the twenty thousand dollars and interest, received as before stated under the agreement with Richardson, be distributed among and paid to the legatees named in the codicil to the will, namely, Lucy E. Stratton, Menzies E. Stratton, Edwin W. I. Stratton, and Bessie Kendall Stratton. The appellants claim that this money should be distributed according to the terms of the will and not according to the codicil, and appeal from the decree of the judge of probate.

*Silas Hardy* and *Eleazer L. Waterman* (of Vermont), for the appellants.

*Charles H. Hersey* and *Batchelder & Faulkner*, for the appellees.

PARSONS, J. The agreement of the parties that the present proceeding, which is an appeal from a decree for final distribution of the estate, determining who are entitled to take as legatees under the will and codicil, shall be treated as a bill in equity by the executors for a construction of the will and codicil, renders it unnecessary to consider whether the decree of the probate court attempting to settle the construction of the will and to determine the rights of the parties to the fund in the hands of the executors (*Hayes* v. *Hayes*, 48 N. H. 219, 229) is within the jurisdiction of that court, or whether, in other words, the decision in *Hayes* v. *Hayes*, 48 N. H. 219, would embrace the present case.

Subsequent to the making of his will, in which he disposed of all his property, the testator found that by the death of his daughter he might receive a considerable accession to his estate; and immediately before it was determined what, if anything, he should so receive, he executed a codicil to his will, in which, after making certain changes, rendered necessary or advisable by the death of his daughter, he provides that "Whereas my daughter, Josephine W. Richardson, left considerable property, and if I decease before her estate is settled, and in the end the law gives me her property, I will and bequeath the same," etc. At the time of the making of the codicil it was uncertain what, if anything, the testator would receive from the daughter's estate. The testator, as her father, and L. D. Richardson, her husband, entertaining opposing views of the forum by whose law the estate should legally be administered, each claimed the whole. Subsequently the testator made a settlement with L. D. Richardson, the husband of the deceased daughter, by which the testator received the sum of twenty thousand dollars for his claim as his daughter's heir and assigned such claim to the husband. The only question raised between the parties is whether the proceeds of this settlement should be distributed according to the provisions of the will, or those of the codicil. The determination of this question, like other questions arising upon the construction of a will, turns upon the testator's intention as expressed in the will and codicil, which together are his will. The construction of the will is the ascertainment of the testator's expressed intention,—what he meant by what he said,—which is to be determined by the court as a question of fact and not by the application of arbitrary rules of law. *Edgerly* v. *Barker*, 66 N. H. 434, 447; *Doten* v. *Doten*, 66 N. H. 331, 339; *Rice* v. *Society*, 56 N. H. 191, 197, 198, 203; *Brown* v. *Bartlett*, 58 N. H. 511; *Kimball* v. *Lancaster*, 60 N. H. 264; *Goodale* v. *Mooney*, 60 N. H. 528, 534, 535; *Sanborn* v. *Sanborn*, 62 N. H. 631, 643; *Kennard* v. *Kennard*, 63 N. H. 303, 310; *Bodwell* v. *Nutter*, 63 N. H. 446; *Kimball* v. *Society*, 65 N. H. 139, 150. Everything contained within the instrument

itself is competent evidence upon the question of intention. *Hall* v. *Chaffee*, 14 N. H. 215; *Sheafe* v. *Cushing*, 17 N. H. 508; *Healey* v. *Toppan*, 45 N. H. 243, 264; *Perkins* v. *Mathes*, 49 N. H. 107, 110. The situation of the testator, the surrounding circumstances, his family and relatives, the devisees and legatees, the nature, amount, and situation of his property, facts tending to place the court in the position of the testator, constitute evidence competent for our consideration upon the issue of what he meant by the words used. *Webster* v. *Atkinson*, 4 N. H. 21, 23; *Tilton* v. *Tilton*, 32 N. H. 257, 263; *Goodhue* v. *Clark*, 37 N. H. 525; *Perkins* v. *Mathes*, 49 N. H. 107; *Rice* v. *Society*, 56 N. H. 191, 197; *Kennard* v. *Kennard*, 63 N. H. 303, 310.

Giving due weight to the competent evidence disclosed by the instrument itself and the surrounding circumstances which appear in the case, it is clear the testator intended by the codicil to provide for the just disposition among the claimants to his bounty of the previously unexpected accession to his estate which at the time of the making of the codicil he expected might result from the death of his daughter. The only substantial difference between the codicil and the provisions of the will for the distribution of the residuum of the estate, is that by the codicil the expected accession from his daughter's estate is divided into four parts, one of which is given to his granddaughter, Bessie K. Stratton, while the residuum by the will is given to the three who receive the remaining shares under the codicil. By the will only a nominal legacy is given the granddaughter, for the reason therein stated that the testator had already given her father the share of his property to which she was entitled and which would become hers upon the testator's death. Having carefully divided the estate which was then his by the will, by the codicil the unexpected accession which could not have been anticipated in any previous gift to his granddaughter's father is equitably apportioned by giving her a share therein. The intent of the testator by the codicil being clear to dispose of such estate as should come from his daughter, no rule of law or reasonable construction of the language used prevents us from giving effect to that intent. The language, " If I decease before her estate is settled and in the end the law gives me her property," does not import a condition which requires us to hold that the testator did not intend to dispose of this estate only in the event that his claim should not be adjusted until after his decease, or as a result of a judicial determination. The receipt and assignment given his son-in-law by him and the notice served upon the executors are sufficient evidence that the parties understood they were making an adjustment of their conflicting claims by which each, in effect, would receive substantially one half the estate; and the fact that the father assigned his whole claim to the husband and ac-

cepted his notes in payment does not make the real transaction different from what it would have been had they provided that the daughter's administrator should pay one half the estate to each, nor does it transform what the parties understood as a settlement of their controversy into a gift by the son-in-law to the father. The intention of the testator that the codicil should operate only on the fund which might be derived from his claim to his daughter's estate, renders the legacies therein given specific (*Wallace* v. *Wallace*, 23 N. H. 149, 154; *Ford* v. *Ford*, 23 N. H. 212; *Loring* v. *Woodward*, 41 N. H. 391), and the codicil can operate only upon such fund.

Considering the proceeding, as requested by the parties, as a bill for the construction of the will, our conclusion is that such of the estate of the testator as was derived from the settlement with L. D. Richardson, which is now in the hands of the executors, should be distributed as provided by the codicil.

*Case discharged.*

WALLACE, J., did not sit: the others concurred.