Sullivan, }
Dec., 1900. }

### PAUL, *Adm'r, v.* DOLE *& a.*

Where a testator bequeaths all his property to his wife during her natural life, and disposes of "what may be left" at her decease, she can take no more than a life estate, in the absence of evidence as to the nature and extent of the property, the relationship of the legatees to the testator, and other circumstances tending to show the standpoint in which the language was used.

BILL IN EQUITY, for a construction of the following provision in the will of Charles H. Dole, in respect to the rights of Amanda L. Dole: "I give and bequeath to my wife, Amanda L. Dole, all the real estate and personal property that I possess, and all money, during her natural life; after her decease, I will what may be left to Clara A. Dole during her natural life; after her decease, I will and bequeath Mrs. Olen D. Cram one thousand dollars, and to Susan M. Hall one thousand dollars; if after the above there should anything remain, I bequeath to the following persons, Mrs. Mary E. Dresser, Charles F. Webster, to be equally divided."

*Hosea W. Parker,* for the plaintiff.

*Amanda L. Dole, pro se.*

CHASE, J. The extent of Amanda's interest in the real estate left by the testator, if any, does not concern the plaintiff, and so cannot be determined in this suit. *Ellis* v. *Aldrich, ante, p.* 219.

The terms of the will are the only evidence submitted upon the question of the testator's intention in respect to Amanda's interest in the personal property. They correctly describe a life estate. The only fact that can raise a doubt that this was the estate intended is the use of the words "what may be left" to describe the remainder bequeathed after the decease of Amanda. There may be an implication in these words that the life tenant was to have the right to use some of the principal of the property as well as the income; but in the absence of evidence as to the nature and extent of the property, the relationship of the legatees to the testator, and other circumstances tending to show the standpoint in which the words were used (*Stratton* v. *Stratton,*.68 N. H. 582, 586), it cannot be found that the intent was to give Amanda anything more that a life estate.

*Case discharged.*

All concurred.