Hillsborough, }
Dec. 1, 1903. }

### BARKER v. CLARK & a.

Where the widow of a testator is given the income of an estate for life, with power " to use and expend what may be necessary for her maintenance and support," a sale of the property by her is not voidable by a residuary legatee when it appears that it was made in good faith and for full value, and that the proceeds were devoted to the purpose authorized by the will.

In an action by a residuary legatee to set aside a deed of real estate given by a life tenant with power of disposal, evidence that the grantor was of unsound mind at the date of the conveyance is immaterial, if the purchase was made by the defendant in good faith and for full value.

BILL IN EQUITY, by a residuary legatee under the will of James M. Crooker, to set aside a deed of real estate dated November 7, 1902, and given to the defendant Clark by Sarah J. Crooker. Facts found, and case transferred from the May term, 1903, of the superior court, by *Young*, J.

The grantor is the widow of James M. Crooker, who died April 2, 1888, testate, the first item of his will being as follows: "I give, devise, and bequeath to my beloved wife, Sarah J. Crooker, for and during the term of her natural life, all of my property and estate, real, personal, and mixed, wherever found and however situated, during the term aforesaid, my said wife to use and expend what may be necessary for her maintenance and support during said term." At the date of the conveyance a sale of the land was necessary for the grantor's support and maintenance, and all the proceeds were so applied during her lifetime. The sale was made in good faith, and the price paid was the full value of the property. The grantor did not procure a license from the probate court authorizing the sale.

The plaintiff offered to show that the grantor was of unsound mind at the date of the conveyance, and excepted to the exclusion of the evidence and to the dismissal of the bill.

*Wallace B. Clement* and *Harry E. Loveren*, for the plaintiff.

*Taggart, Tuttle & Burroughs*, for the defendants.

REMICK, J. The will not only gave Sarah J. Crooker a life estate in the property in question, but it also, in language sufficiently clear, empowered her to dispose of the same for her maintenance and support when such course should become necessary. *Burleigh* v. *Clough*, 52 N. H. 267. The superior court has found

that at the time the land was sold by Mrs. Crooker it was neces-
sary for her support and maintenance to sell it, that all the pro-
ceeds of the sale were applied to her support and maintenance
during her lifetime, that the sale was made in good faith, and that
the land brought all it was worth.  These facts bring the deed
clearly within the power given by the will.

The evidence offered by the plaintiff tending to show that Mrs.
Crooker was of unsound mind was, under the circumstances and
so far as the plaintiff was concerned, immaterial and properly
excluded.  *Hall* v. *Butterfield*, 59 N. H. 354, 356.

*Exception overruled.*

All concurred.