Carroll, }
May 6, 1919. }

### GEORGE M. ROAF *v.* WILLIAM H. CHAMPLIN & a.

Devise to my mother and my sister for their support during their lives with full power of disposition for their support, and at the death of one or both of them the undisposed estate to my brother W. The sister surviving, and having disposed of the estate for her support, the testator's intention, as disclosed by the surrounding circumstances, was that W on the mother's death should not take an attachable interest in the property, whether the will created a joint tenancy or tenancy in common in the mother and sister.

Evidence of the circumstances under which language is used by a testator is always competent upon the question what the words meant to him.

BILL IN EQUITY, for an injunction and an accounting.

The plaintiff claims an interest in certain real estate in Sandwich, by an attachment April 17, 1916, in a suit brought by him against Walter E. Blanchard. The premises were conveyed to the defendants by Flora L. Blanchard February 13, 1917. Flora Blanchard's

title is derived from the will of her brother, Howard W. Blanchard. Howard died October 1, 1914, after five years' illness. He left a mother, aged eighty-three, who died December 19, 1914, a sister, Flora, aged forty, and a brother, Walter. Howard never married and lived in Sandwich with his mother and sister. Before his death Flora had had nervous prostration and was always delicate and never able to earn a living. Neither the mother nor the sister had any property. Walter lived at Amesbury, Mass., and had not been a member of the family for thirty years.

Howard's property after his death was appraised as follows: personal property $560; real estate: home place $500, half interest in Trask farm $1,750. The will was drawn by a farmer who had done some probate business. The material portion of the will is:

"*First.* I order and direct my executor to pay all my just debts and funeral charges and erect a suitable tablet to my grave from my personal estate soon as may be after my decease. *Second.* I give, devise and bequeath to my mother Sarah D. Blanchard and my sister Flora L. Blanchard all the rest residue and remainder real personal or mixed in equal shares for their support during their natural lives with full power to dispose of all or any part thereof if necessary for their support and comfort — At the death of one or both of them whatever of my estate may remain undisposed of by them I give devise and bequeath it all to my brother Walter E. Blanchard his heirs and assigns forever."

The defendants offered to prove that the testator told his mother and sister after making the will that he had left everything for them as long as they lived and that his brother would have only what was left after they both passed away. The evidence was excluded subject to exception. The sale to the defendants was for a fair price and it was necessary that Flora's interest in the real estate be sold for her support and maintenance. Upon the foregoing facts the court found that Walter had at the time of the attachment an attachable interest in the real estate conveyed to the defendants and entered a decree in favor of the plaintiff. Transferred by *Marble, J.,* from the May term, 1918, of the superior court.

To this finding and decree the defendants excepted.

*Walter D. H. Hill* (by brief and orally), for the plaintiff.

*Felker & Gunnison* and *Sewall W. Abbott* (*Mr. Felker* orally), for the defendants.

Parsons, C. J.   The plaintiff, by his attachment of all the real estate of Walter, could not acquire any greater interest than Walter had.   Under the will Walter had a vested remainder dependent upon the life estate created by the will subject, however, to be defeated by the exercise of the power of disposition attached to the life estate. *Weston* v. *Society*, 77 N. H. 576; *Shapleigh* v. *Shapleigh*, 69 N. H. 577; *Burleigh* v. *Clough*, 52 N. H. 267.   The tenants of the life estate were given "full power to dispose of all or any part thereof if necessary for their support and comfort."   The sale of the real estate in which the plaintiff claims an interest by attachment against the remainder-man was necessary for the support of the surviving life tenant, Flora. Her deed disposing of the property defeated the remainder to the extent of her ownership.   *Barker* v. *Clark*, 72 N. H. 334.   Whether she then owned the whole or a part depends upon the intention of the testator in making the devise.   Did he intend to devote so much of the property as was necessary to the support of both of the recipients of his bounty?   In technical language are the mother and daughter joint tenants or tenants in common of the estate devised them?   The incident of joint tenancy here material is the doctrine of survivorship or *jus accrescendi* "by which when two or more persons are seised of a joint estate, of inheritance, for their own lives, or *pur auter vie*, or are jointly possessed of any chattel-interest, the entire tenancy upon the decease of any of them remains to the survivors, and at length to the last survivor; and he shall be entitled to the whole estate, whatever it be, whether an inheritance, or a common freehold only, or even a less estate."   2 Black. Com. *183.   The common law favored joint tenancy and a grant to a plurality of persons without any restrictive, exclusive or explanatory words created a joint tenancy while to clearly establish a tenancy in common it was necessary to add express words of exclusion as well as description and to limit the estate to the grantees to hold as tenants in common and not as joint tenants.   2 Black. Com. *180, *194.   Our rule is the reverse of this. A conveyance or devise to two or more persons creates an estate in common, and not one in joint tenancy, unless it is expressed therein that such estate is to be holden by the grantees or devisees as joint tenants or to them and the survivors of them or other words are used clearly expressing an intention to create a joint tenancy.   P. S., c. 137, s. 14.   *Pierce* v. *Baker*, 58 N. H. 531.   The purpose of the statute is not to forbid or prevent the creation of estates in joint tenancy but to make certain that effect is given to the intention of the grantor or devisor.   The reason of the enactment is stated in the

preamble that "it often happens that joint tenancies are created against the intentions . . . of testators, through ignorance of the proper terms to create estates in common." Act June 21, 1809; Laws, ed. 1830, *p.* 110. To create joint tenancies the use of technical terms is not required but only of "words . . . clearly and manifestly shewing it to be the intention . . . that such lands . . . should vest and be held as joint estates and not as estates in common." *Ib.* It is not improbable that neither the testator nor the farmer scrivener who had done some probate business were acquainted with the terms joint tenants, or tenants in common, or had any knowledge of the legal distinctions between such estates. No terms are used in the will implying such knowledge. But a joint estate in two is a legal estate and if it was intended to create such an estate the law gives effect to the testator's intention regardless of the lack of technical language defining the purpose. *Hayward* v. *Spaulding,* 75 N. H. 92.

If the will had created in mother and daughter in technical terms a joint estate it would be clear that upon the death of the mother the whole estate devised the two was intended for the support of the survivor. If the untechnical language used discloses that the gift was for the support of both during their lives it follows that the testator intended to create such an estate as would effect his declared purpose and as an estate in joint tenancy would have such effect his purpose is carried out by construing the will as creating such estate. Though the testator's statements as to the contents of his will subsequent to its making may not be competent to prove what he meant by what he said, evidence of the circumstances under which the language was used is always competent upon the question what the words used meant to those using them. *Stratton* v. *Stratton,* 68 N. H. 582. From these facts, introduced without objection, it appeared that the testator who died at the age of forty-five unmarried, after an illness of five years, lived with his mother and sister in Sandwich. The brother, Walter, had not lived at home for thirty years. The mother, eighty-three years of age, and the sister, Flora, aged forty, had no property of their own. The sister's health was poor and she had never been able to support herself. The inference is that the family support had been obtained from the testator's property. In this situation it would be natural for him to provide that his property should, after his death, be used for the continued support of the family and that he should regard that support as indivisible. He accordingly provides that the property shall be used "for *their* support during *their* natural lives with full power to dispose of all or any

part thereof if necessary for *their* support and comfort." *Their* includes both and the intention is clear that the property should be used for the support of the sister as well as of the mother and that only what was not needed for the support of the sister and the mother should fall into the remainder.

The clause is not well expressed but if the words mother and sister are substituted for the pronoun *their* the meaning is clear. It would then read, "I give, devise and bequeath to my mother Sarah D. Blanchard and my sister Flora L. Blanchard all the rest residue and remainder [of my estate] real personal or mixed in equal shares for the support of my mother and sister during the natural lives of my mother and sister with full power to dispose of all or any part thereof if necessary for the support and comfort of my mother and sister." It is clear the property is devoted to the support of the mother and sister during their lives. This purpose would be carried out by a gift in joint tenancy and the purpose as already suggested can be given effect by construing the will as creating such an estate. But if it were to be concluded that since "by usage, and the general understanding of the people, promoted by seventy years' operation of the statute on conveyances and devises of real estate, it is a part of our common law that if an intention to create a joint tenancy is not expressed, legatees are not joint tenants" (*Pierce* v. *Baker*, 58 N. H. 531, 532), the absence of technical language or clarity of expression forbids the construction of the will as creating a joint tenancy in the mother and daughter, the result in this case is not affected. If it be assumed the legal title to the life estate vested in them as tenants in common, the only use permitted is for the support and comfort of the mother and daughter. The intention of the testator as to the use of his gift is perfectly clear whatever doubt ignorance and lack of facility in expression may cast upon the character of the legal estate created by the will. The joint character of the equitable interest is repeatedly set forth in plain terms. The use is for *their* support during *their* lives with power of disposal for *their* comfort.

It is not argued that the omission of the words "of my estate," inserted above, is material. The clause in dispute then continues, "At the death of one or both of them whatever of my estate may remain undisposed of by them I give devise and bequeath it all to my brother Walter E. Blanchard his heirs and assigns forever." When the testator made his will he knew that his mother was eighty-two years of age, over twice the age of his sister, that in all probability his sister would outlive his mother and that she was unable to support herself.

Yet if the clause giving the remainder to Walter is intended to limit the estate already given them, upon the death of one the estate of the other is determined and the gift to the mother and sister is not for life but to each for the life of the other. This construction rejects the word "both," for if, as seems to be claimed, on the death of the mother Walter's remainder vests in possession nothing remains to take effect when the sister dies. The language disposing of the remainder is conflicting in itself and upon the construction claimed conflicts with the earlier gift. The apparent purpose of the clause is the disposition of the estate not devised. It is not probable it was intended by its terms to limit the estate already created.

When the terms of a will are in conflict, such construction is given to particular clauses, which appear to be in conflict, as will carry out the purpose of the testator as disclosed by the whole will. *Salter* v. *Philbrick*, 77 N. H. 322, 327, 328. The testator intended his property should be used so far as necessary for the support of his mother and sister. It is found upon competent evidence that the real estate claimed by the plaintiff is necessary for the support of the sister. To permit it to be used to pay Walter's debts would be contrary to the testator's intention as disclosed by the will, consequently the plaintiff has acquired no interest therein by attaching it as the property of Walter.

*Exception sustained: bill dismissed.*

All concurred.