WINNIE LEWIS MONROE *et al.* FOR AN OPINION.

JANUARY 7, 1920.

PRESENT:  Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)  Wills.  Joint Tenancy.*

Residuary clause of will provided, "I give to B. and C. the income from the residue of my estate both personal and real, share and share alike, during their lifetime, and at their deaths, I give and bequeath all the residue of my estate both personal and real to the X. Public Library as a memorial."

B. deceased, and upon the question as to the application of that one-half of the income during the life of C.:—

*Held,* that under Gen. Laws, 1909, cap. 252, § 1, it manifestly appeared that the intention of testatrix was that B. and C. should take the income as joint tenants and the entire income should be paid to C. as surviving beneficiary.

PETITION for construction of will under Gen. Laws, 1909, cap. 289, § 20.

STEARNS, J.   This is a petition for the construction of the will of Susan S. Flagg, deceased, brought under the provisions of Section 20, Chap. 289, Gen. Laws, 1909.

From the agreed statement of facts made by all the parties in interest, it appears that Susan S. Flagg, a resident of the city of Central Falls, died November 15, 1913.   By her last will and testament, after making a number of small bequests to various persons, she disposed of the bulk of her estate by a residuary clause which we are now asked to construe and which is as follows:   "I give to Amy A. Whipple and Winnie Lewis Monroe of Central Falls, R. I. the income from the residue of my estate both personal and real, share and share alike, during their lifetime, and at their deaths, I give and bequeath all the residue of my estate both personal and real to the Central Falls Public Library, as a memorial to the late Lisander Flagg and his family."

The income from the residue of the estate has been heretofore paid in equal shares to Amy A. Whipple and Winnie L. Monroe.   Amy A. Whipple died October 30, 1919, and Winnie Lewis Monroe now claims that she is entitled to the entire income of the residue of the estate during her lifetime.   The city of Central Falls claims that it is entitled to one-half of said income for the benefit of the Central Falls Public Library.   Said city waives the right to file a brief and submits its rights to the court on the agreed statement of facts.

The amount of the residuary estate is approximately twenty-one thousand dollars and the income therefrom is approximately sixteen hundred dollars.

The opinion of this court is requested upon two questions, namely,—Should the income of the residuary estate be paid in its entirety to Winnie L. Monroe as surviving residuary beneficiary; if she is entitled to receive only one-half of said income, what disposition should be made of the other half

of said income during the life of Winnie L. Monroe?   The primary question is,—Were Amy A. Whipple and Winnie L. Monroe joint tenants or tenants in common of the income of the residuary estate?

Section 1, Chapter 252 of the Gen. Laws, 1909, is as follows: "Section ·1. All gifts, feoffments, grants, conveyances, devises, or legacies, of real or personal estate, which shall be made to two or more persons, whether they be husband and wife or otherwise, shall be deemed to create a tenancy in common and not a joint tenancy, unless it be declared that the tenancy is to be joint, or that the same is (1) to such persons and the survivors or survivor of them, or to them as trustees or executors, or unless the intention manifestly appears that such persons shall take as joint tenants and not as tenants in common."

We are of the opinion that it manifestly appears that the intention of the testatrix was that Amy A. Whipple and Winnie Lewis Monroe should take the income of the residue of the estate as joint tenants and not as tenants in common.

The residuary clause appears to be the principal clause of the will and thereby the testatrix disposes of the bulk of her estate and establishes a memorial to the late Lisander Flagg.   A clear distinction is made by the testatrix in the disposition of the income and the *corpus* of the residuary estate.   The beneficiaries of the income, Amy A. Whiple and Winnie Lewis Monroe are given the whole and undivided income, "share and share alike"; the period of time during which the income and corpus of the estate are to be kept separate is to be "during their lifetime"; by the terms of the will it is only "at their deaths" that the testatrix is then for the first time desirous of making a gift to the library, and at that time the separation of the income from *corpus* of the estate is to come to an end.   We have here all the essentials of a joint tenancy, namely, unity of interest, title, time, and possession, accompanied by the clear and evident intention of the testatrix as manifested by the

provisions of the will to create a joint tenancy and not a tenancy in common.

Our opinion is that the entire income of the residuary estate should be paid to Winnie Lewis Monroe as surviving beneficiary of the joint tenancy created by said will.

The conclusion we have reached disposes of the second question to which no answer is now required.