In the Matter of the Petition of R. J. LINDSAY and Another, Executors of the Last Will and Testament of ISABELLA WARD, Deceased, for the Judicial Construction of the Last Will and Testament of SAMUEL WARD, Deceased.

Surrogate's Court, Montgomery County, January 16, 1925.

**Wills — construction — testator bequeathed personal property to wife and daughter to be divided equally, share and share alike, and devised real property to them " jointly and to the survivor of them "— will was prepared by lawyer — wife and daughter take real property as joint tenants — this construction does not violate Real Property Law, § 66.**

The wife and daughter of the testator take real property devised to them as joint tenants under a will prepared by a lawyer, which bequeathed the personal property to the wife and daughter, share and share alike, but devised the real property to the wife and daughter " jointly and to the survivor of them."

This construction does not violate section 66 of the Real Property Law, which provides that every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be a joint tenancy, for it is not necessary in order to satisfy that section that the exact words of the section be used but it is sufficient if the words used in the will disclose a clear intention that the estate shall pass to the devisees as joint tenants.

PROCEEDING for construction of will.

*Donald F. Boyle,* for the executors of the last will and testament of Isabella Ward.

*James W. Ferguson* [*C. J. Hefferman,* of counsel], for Lewis E. Warner, one of the heirs of Isabella Ward.

SPONABLE, S.:

Samuel Ward died March 14, 1909, leaving a last will and testament dated October 16, 1897, which was on the 3d day of April, 1909, duly admitted to probate and letters testamentary duly issued to Isabella Ward and Mary Ward.

Isabella Ward, who was the wife of said Samuel Ward, died a

resident of Amsterdam, Montgomery county, N. Y., leaving a last will and testament dated December 8, 1923, which was duly admitted to probate by the Surrogate's Court of the county of Montgomery, and letters testamentary duly issued to the petitioners in this proceeding on March 14, 1924.

The will of Samuel Ward, which is asked to be judicially construed in this proceeding, is in part as follows:

"*Item.* I give and bequeath unto my wife, Isabella and my daughter Mary all my personal estate the same to be divided equally, share and share alike.

"*Item.* I give and devise my real estate to my said wife, and my said daughter jointly and to the survivor of them."

The will of Samuel Ward was prepared by one George S. Diefendorf, who was a lawyer by profession, and in the practice of his profession was engaged largely in the drawing of deeds and wills.

Samuel Ward died seized and possessed of certain real property located at the corner of Kimball and Green streets, in the city of Amsterdam, Montgomery county, N. Y., of the estimated value of about $10,000.

There is no question raised as to the title of the personal property bequeathed by the first item of the will of Samuel Ward first herein above quoted, but as to the second item above quoted, " I give and devise my real estate to my said wife and my said daughter jointly and to the survivor of them," it is contended by the petitioners that a joint tenancy was created as to the beneficiaries, Isabella Ward, the wife of the testator, and Mary Ward, the daughter of the testator. The respondent herein contends that a tenancy in common was thus created as to the said wife and daughter of said testator.

In determining the effect of this paragraph of the will, I must be governed by what is now section 66 of the Real Property Law, which as far as it pertains to the question involved in this proceeding, reads as follows: " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy."

The rule of law provided by this section as it now reads was in effect when the will of Samuel Ward took effect.

The rule of law provided by this section has been in effect since 1786, when the first law of this nature was passed. By this section the rule of construction which obtained at common law is reversed, and instead of there being a presumption that a devise to two persons makes them joint tenants, the presumption is that they are tenants in common, and this is only removed by an express declaration that they take as joint tenants, or by words from which

it clearly appears that there is an intention to create a joint tenancy. (*Gage* v. *Gage*, 43 Hun, 501; affd., 112 N. Y. 667.)

In order to create a joint tenancy, the terms of the grant or devise must negative the presumption arising from the statute that it is the intention of the testator to create a tenancy in common. (*Overheiser* v. *Lackey*, 207 N. Y. 229.)

The rule of law provided by section 66 of the Real Property Law does not necessarily require that the words " joint tenancy " should be used in a grant or devise to create an estate of that character, provided any other expression clearly importing such an intent is employed. (*Purdy* v. *Hayt*, 92 N. Y. 446; *Coster* v. *Lorillard*, 14 Wend. 265, 342.)

This is the rule in other States where similar statutes exist (*Mustain* v. *Gardner*, 203 Ill. 284.)

Where a doubt arises as to the intent of a devisor in using the word " jointly " the courts have sought aid in solving the ambiguity by inquiring whether the instrument of devise was prepared by a lawyer familiar with the technical distinctions between different kinds of estates or by a layman who cannot be presumed to have had any such knowledge. (*Mustain* v. *Gardner*, *supra*; *Overheiser* v. *Lackey*, *supra*.)

It is a well-settled rule of law, recognized as well by elementary writers as in the solemn adjudications of courts of justice, that, in the construction of wills, more than any other instrument, the intention of the testator is to be regarded, and is to govern. The courts, therefore, in giving effect to wills have ever treated them with great indulgence, endeavoring, in all cases, to carry out the intention of the testator, so far as the same could be executed without violating the established rules of law. (*Moore* v. *Lyons*, 25 Wend. 119.)

The will in the case at bar having been prepared by a lawyer, whom it must be presumed was familiar with the distinctions between different kinds of estates, why, if it was the intention of the testator to create a tenancy in common in the real estate devised by him, did he not follow the usual and natural way in the preparation of his will and state " I give, devise and bequeath unto my wife Isabella, and my daughter Mary, all my real and personal estate, the same to be divided equally, share and share alike," and why did he use the words and the expression in the item bequeathing the personal estate, " same to be divided equally share and share alike," and in the item in question devising his real estate stating " jointly and to the survivor of them? "

It seems to me that reading the two specified items of the will of Samuel Ward together, and taking into consideration the true

and literal meaning of the words and language employed, and also the fact that the will was prepared by a lawyer, it was clearly the intention of the testator to create a joint estate in his wife and daughter as to the real estate devised by him.

I conclude also that in the item or paragraph of the will in question here, that the expression " jointly and to the survivor of them " clearly imports an intent to create a joint tenancy in the real estate devised, and that the words and language used are sufficient so as not to violate or conflict with the rule of law as provided in section 66 of the Real Property Law.

In *Matter of Stoiber* (170 N. Y. Supp. 897) where a clause of the testator's will was construed where testator devised and bequeathed all his real and personal estate to his wife and son with a survivorship clause, it was held to create a joint tenancy.

Therefore, upon the rules of law and the authorities which govern upon the question to be determined in this case, I must conclude that the paragraph or item which devises testator's real estate in the will in question here created a joint tenancy in the same in testator's wife Isabella Ward, and his daughter Mary Ward, and that at the death of his wife Isabella Ward, Mary Ward became vested in said real estate so devised, absolutely.

Decreed accordingly.