ADA MUNSON, PLAINTIFF-RESPONDENT, v. ANNA MARIE JOHNSTON, DEFENDANT-APPELLANT, AND ELSA NEWMAN, DEFENDANT.

Argued May 31, 1954—Decided June 21, 1954.

*Mr. Ralph L. Fusco* argued the cause for the defendant-appellant.

*Mr. Milton M. Abramoff* argued the cause for the plaintiff-respondent (*Messrs. Abramoff & Price*, attorneys).

The opinion of the court was delivered by

OLIPHANT, J.   This is an appeal from a judgment of affirmance by the Appellate Division of an order made by the Superior Court, Chancery Division, denying a motion of the defendant-mother to dismiss the complaint of the plaintiff-appellant, a paternal aunt, for the custody of an infant residing in Massachusetts, or in the alternative for a summary judgment for lack of jurisdiction over the subject matter and the person and for the failure of the complaint to state a claim upon which relief could be granted.

The trial court held it had jurisdiction, refused to dismiss the complaint on the ground the child was domiciled in this State and held the cause for final hearing.   It further stated in answer to the argument that its judgment would be unenforceable, that whether the judgment would be enforceable in this State or elsewhere was not for the court to determine at this time.

The Appellate Division affirmed in a *per curiam* opinion and held the court had jurisdiction because the domicile of the child was here and the fact that a third party removed the child from the State did not affect the child's domicile, which seemed to indicate the result would be otherwise if the child was removed with the mother's consent or that it would reside outside of the State permanently or for a prolonged or indefinite period.

When this court granted certification the appellant was given permission to add to the record the transcript of the Massachusetts adoption proceeding, hereafter alluded to, and it is clear from reading this that the mother consented to the adoption of the child by its maternal grandmother.

The parents of the child were married in Elkton, Md., in 1948 and took up their residence in Monmouth County and continued to live there until August 1950, when marital discord arose and an action for maintenance was instituted. Their child, the subject of these proceedings, was born October 31, 1950. The husband went to live with his parents and then entered the University of Miami Law School in Florida. On June 21, 1951 the maintenance suit was terminated and a reconciliation took place and the parents and the child returned to Florida where the husband resumed his studies. On December 1, 1951 the wife brought an action for divorce in Florida which was granted, and thereafter the wife returned to New Jersey with the child and took up residence in Middletown Township. The husband returned to New Jersey and lived with relatives and entered Temple University Law School in Philadelphia. On a visit with his wife on August 11, 1952 they became embroiled in an argument and she shot and killed him.

The wife entered a plea of *non vult* to manslaughter and she is now in Clinton Reformatory serving a term of from seven to ten years. In the interim the child was taken to the home of the maternal grandmother in Massachusetts.

Subsequent to the determination of the cause by the Appellate Division a Massachusetts court of competent jurisdiction, with the mother's consent, on October 8, 1953, decreed

that the child "shall, to all legal intents and purposes, be the child of said petitioners" (the maternal grandmother, the defendant here, and her husband) ; and "the petitioners are of sufficient ability to bring up said child and furnish him with suitable nurture and education, having reference to the degree and condition of his parents; and that it is fit and proper that such adoption should take place." Apparently under the law of Massachusetts a residence of a year or more serves to confer jurisdiction for adoption. The child's domicile is no longer in New Jersey, this by consent of the mother, first, in transferring permanent custody to her mother, and secondly, by the decree of adoption.

As against both the Massachusetts decree and the mother the paternal aunt, who is the plaintiff in the proceeding here, has no standing. While the mother's domicile still is New Jersey, it is an enforced domicile which disables her from caring for the child and moved her to take the action she did with respect to it. This proceeding is based upon the hypothesis that because of the mother's incarceration she cannot care for the child; but this overlooks the fact that the mother has made adequate provision for the child, first, by giving her mother custody and secondly, by her consent to her mother's adoption of the child. This is termed a "maneuver." But was it not the mother's right to do that which made proper provisions for her child? The intervention of the paternal aunt can be justified only as a measure to protect the child; and there is no showing that the child is not fully protected by the custody of the adoptive parents. If there is any question about this the plaintiff may invoke the jurisdiction of the Massachusetts court.

█ We think that the decree of adoption should be recognized in this State, if not under the Full Faith and Credit clause then as a matter of comity because any judgment of this court would be ineffectual in the circumstances. It was held in the case of *Greaves v. Fogel*, 12 *N. J. Super.* 5 (*App. Div.* 1951), in an opinion by Justice Jacobs, that where the status of adoption is created by a state having jurisdiction it will be given the same effect in another state as a matter

of comity, as is given by the latter state to the status of adoption when created by its own law, and the case of *Frey v. Nielson*, 99 *N. J. Eq.* 135 (*Ch.* 1926), was expressly overruled.

We therefore on the ground of comity recognize the adoption decree of the Massachusetts court with the observation that the unfortunate position that the mother presently finds herself in should not result in further action on the part of the State of New Jersey which would make more difficult the future expression of any maternal affection she may have for her own child. The purpose of punishment is not solely punitive and it may very well be that the mother will be rehabilitated to the extent that she may have much to contribute to the welfare of the child in cooperation with her mother, its maternal grandmother.

The judgment is reversed and the complaint dismissed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.