CHARLES E. COFFIN *vs.* E. GENEVIEVE SHORT.

JUNE 30, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is a bill in equity for the construction of the will of James E. Coffin, late of the town of

Johnston in this state, hereinafter sometimes referred to as the testator. The cause was heard in the superior court on bill, answer and evidence and being ready for hearing for final decree has been certified for our determination in accordance with general laws 1938, chapter 545, §7.

The facts are undisputed. James E. Coffin died September 4, 1948 leaving a last will and testament which was duly admitted to probate by the probate court of Johnston. The first two clauses of the will read as follows:

> "First after my lawful debts are paid, I give, devise and bequeath to my niece, Ethel M. Coffin, my real estate and home situated at Hartford Avenue, Johston [sic], Rhode island [sic], including the contents of said home, to have and to hold the same to her, her heirs and assigns absolutely and forever.
>
> Second: All the the [sic] rest, residue, and remainder of my estate not disposed of in paragraph first, I give, devise and bequeath to my niece, Ethel M. Coffin and nephew, Charles E. Coffin, to have and to hold the same to them or the survivor of them absolutely and forever, including any real estate that I may hereafter acquire or become entitled to, wheresoever located or whatsoever kind and nature of which I may die seized or possessed of."

The testator was survived by his niece Ethel M. Coffin and his nephew Charles E. Coffin as his sole heirs at law and next of kin. They are the only residuary legatees named in the second clause of the will. The testator's niece Ethel M. Coffin died May 4, 1952, leaving a last will and testament which was duly admitted to probate by the probate court of the city of Providence. In her will she named E. Genevieve Short, the respondent, as residuary legatee, who by virtue of said will took whatever interest Ethel M. Coffin had received under the will of James E. Coffin. At the time of the latter's death he was seized and possessed of two parcels of real estate located in the city of Providence, which are described in the amendment to the bill of complaint, one

of the parcels being situated on Pratt street and the other on Friendship street.

The sole question presented is: Do the words "I give, devise and bequeath to my niece, Ethel M. Coffin and nephew, Charles E. Coffin, to have and to hold the same to them or the survivor of them absolutely and forever" create such an estate in Ethel M. Coffin and Charles E. Coffin that upon the death of Ethel M. Coffin the whole estate passed to the survivor Charles E. Coffin? In other words, did the language of the will create a joint tenancy or a tenancy in common in Ethel M. Coffin and Charles E. Coffin?

The complainant contends that a joint tenancy was created by the language of the will itself. On the other hand, respondent contends that the statutory presumption in favor of a tenancy in common is applicable in the instant cause and that the words "or the survivor of them" in clause Second relate to a substitutional gift which was to take effect if either of the two named devisees failed to survive the testator.

Both parties agree that the will should be construed in the light of the language of G. L. 1938, chap. 431, §1, which reads as follows:

> "All gifts, feoffments, grants, conveyances, devises or legacies, of real or personal estate, which shall be made to 2 or more persons, whether they be husband and wife or otherwise, shall be deemed to create a tenancy in common and not a joint tenancy, unless it be declared that the tenancy is to be joint, or that the same is to such persons and the survivors or survivor of them, or to them as trustees or executors, or unless the intention manifestly appears that such persons shall take as joint tenants and not as tenants in common."

From the language employed by the testator it would appear that he had knowledge of the provisions of the above statute and intentionally used appropriate language to provide that the named beneficiaries should take as joint tenants

so that upon the death of either the whole estate should go to the survivor.

It is true that in the statute the words "*and* the survivors or survivor of them" are used, while in the will the expression is "to them *or* the survivor of them." (italics ours) In this respect the will differs from the statute in that the word "or" is used instead of the word "and." However, in construing a will the court may construe the words "and" and "or" as interchangeable if such a construction is necessary to carry out the intention of the testator as manifested in the whole will. 69 C.J., Wills, §1145, p. 87; 57 Am. Jur., Wills, §1154, p. 752.

Here such construction appears to be in full accord with the general intention of the testator as manifested in his will as a whole. By the first clause he provided a home for his niece, and by the second or residuary clause he divided his remaining estate equally between his niece and his nephew, "to have and to hold the same to *them or the survivor of them absolutely and forever* * * *." (italics ours) The will left nothing to strangers but all to the natural recipients of his bounty, his sole heirs at law. He provided for the right of survivorship to the "survivor of them." The word "them" as employed in the second clause clearly referred to his niece and his nephew, indicating that he was not interested in others.

In any event we do not think it necessary to employ the words "joint tenancy" to create such tenancy. If the language used in legal effect accurately describes a joint tenancy, there will be a sufficient compliance with the statute. The chief incident of a joint tenancy is survivorship and the devise in the instant cause is to "my niece, Ethel M. Coffin and nephew, Charles E. Coffin * * * or the survivor of them * * *." By the use of the term "survivor" in this context the testator clearly indicated that there should exist a right of survivorship and all the legal in-

cidents thereof as between the two devisees named in the second clause of his will.

We are of the opinion that it is clear from the whole will that the testator intended to devise and bequeath the residue of his estate to his niece Ethel M. Coffin and to his nephew Charles E. Coffin as joint tenants and not as tenants in common, and that upon the death of Ethel M. Coffin the entire residue vested in the complainant Charles E. Coffin in fee simple absolute. We therefore answer the question propounded in the affirmative.

On July 7, 1954 the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Letts & Quinn, Alan S. Flink, Daniel J. Murray,* for complainant.

*Elmer S. Chace, Edwards & Angell, Elmer E. Tufts, Jr., John V. Kean,* for respondent.