Elizabeth Hart HUNDLEY, Executrix of the
Estate of William M. Hart, Deceased,
Appellant (Plaintiff below),

v.

Alabama NEELY, Appellee
(Defendant below).

No. 2974.

Supreme Court of Wyoming.

Oct. 10, 1961.

Robert R. Rose, Jr., Casper, for appellant.

Fred W. Layman, Casper, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The subject matter of this action is a warranty deed pertaining to property in Casper, Wyoming. Said deed purports to name as party of the second part or grantee William M. Hart and Alabama Hart, his wife, or the survivor of them.

The plaintiff, as executrix of the estate of William M. Hart, deceased, contends that Alabama Hart was not a lawful wife to the deceased; that she was previously a common-law wife to a man by the name of Neely in St. Louis, Missouri, where common-law marriages are recognized; that she was not divorced from Neely and therefore her marriage to Hart was void. The executrix also claims that the deed was altered and forged by an addition of the words "and Alabama Hart, his wife, or the survivor of them" at a time subsequent to the execution and delivery of the deed.

William M. Hart, as the only named purchaser, entered into a contract for deed covering the real estate in question on June 1, 1931 with the Nicolaysen Lumber Company as seller. The deed in question was dated August 13, 1942. It was recorded September 4, 1942. An expert witness called by the executrix testified that the name "Alabama Hart" was added to the deed after its original preparation but with the same typewriter used in the original preparation. He pointed out that the letters in that name were not in alignment with other typing and that a malfunctioning of the letter "A" in the typewriter had been

repaired between the original preparation and typing of the name Alabama Hart.

As to the word "and" appearing between the names of William M. Hart and Alabama Hart and the words "his wife, or the survivor of them," it was the expert's opinion that these words were added at still a different time because of a different ribbon being used. He could not say whether this was done with the same or a different machine.

William M. Hart and Alabama Hart were married February 18, 1926 and their certificate of marriage was in evidence. Unless such marriage was void for the reason advanced by plaintiff, they were husband and wife when the deed was executed, delivered and accepted.

There was no evidence to indicate that Alabama Hart participated in procuring the deed or procuring any alterations therein, or in recording the deed. She claims it was recorded by her husband and there is nothing to show the contrary. None of the witnesses were able to tell whether the words "and Alabama Hart, his wife, or the survivor of them" were inserted in the deed before or after its execution by the grantor, or before or after its delivery.

If a change was made in the designation of the grantee or grantees, it was doubtless made at the instance of Hart himself. In 1955 he wrote to a realtor concerning his wife and the property here in dispute saying: "I have tried to deal fair with her, I put her name on my deeds but in doing so I have found out that fairplay didn't work."

In appealing to this court, the executrix under the Hart will argues that when an alteration appears suspicious the burden is then upon the party claiming under the instrument in question to explain the change. We recognize that there is authority for such a point of view, especially where the instrument involved is a negotiable instrument. However, as indicated in 3 C.J.S. Alteration of Instruments § 90, p. 999, the rule that an apparent alteration in an instrument will be presumed to have been made before execution and delivery was early stated to be applicable in the case of deeds, and this rule is supported by several modern decisions. See the cases cited in note 44.

 The rule as to suspicious alterations assumes that there has been an *alteration* and it is not applicable where the issue is as to the contents of an instrument when delivered. Spaulding v. Mutual Life Ins. Co. of New York, 96 Vt. 67, 117 A. 376, 381; 3 C.J.S. supra. On page 998 of 3 C.J.S. Alteration of Instruments § 90, ·it is said that the ultimate questions of the time when and by whom the change was made are for the jury (trier of fact).

 The modern and best-reasoned view indulges no presumption as to the time of the alteration, but the entire question is for the trier of fact to consider in the light of all the evidence. Fensler .v. Sterling, 132 Ohio St. 498, 9 N.E.2d 283, 287; 2 Am. Jur., Alteration of Instruments, § 116, p. 676; Annotation 44 A.L.R. 1244, 1254–1255. ·

The deed involved was witnessed and acknowledged before Fred W. Layman, an attorney. Both he and Hart being presumed to know the law, it is not to be assumed that either of them would perform a void act by making an unauthorized substitution of grantee after execution and delivery of the conveyance. But even if Hart did add his wife's name or cause it to be added, after rather than before execution and delivery of the deed, his heirs and representatives would probably be estopped from contesting her right of survivorship. At least it was so held in Simmons v. Simmons, 203 Ark. 566, 158 S.W.2d 42, 44–45.

 In any event, it appears all available evidence was before the trial court. It concluded and determined from such evidence that the deed constituted a valid conveyance to William M. Hart and Alabama Hart, with the right of survivorship. We find sufficient evidence to sustain such a finding, in the absence of any evidence to the contrary, and we decline to set such finding aside.

Regarding the validity of the marriage between William M. Hart and Alabama Hart, the executrix offered no direct proof

of a prior common-law marriage in Missouri. On cross-examination Mrs. Hart admitted keeping house for and living with a man named Neely for two and a half or three months in 1918 in "his" apartment. She also admitted using the name Neely and at other times the name of Barnes. She was emphatic, however, in her insistence that she and Neely did not live together as husband and wife and that there was no marriage contract.

■ The case before us does not raise any question as to the validity of common-law marriages in Wyoming. Neither does it require a determination of the status of a common-law relationship consummated in a jurisdiction which recognizes common-law marriages. The deed in question was not necessarily based upon a tenancy by the entireties. The conveyance was to William M. Hart and Alabama Hart, or the survivor of them. If it were found that the parties named were not in fact husband and wife, we would still have to hold the words "or the survivor of them" sufficient, under the circumstances of this case, to cause an estate in joint tenancy to be conveyed.

■ Where the grantees are not husband and wife and where it plainly appears from the terms of an instrument in its entirety that the intention was to create a joint estate, a joint tenancy will be recognized. Schwab v. Schwab, 280 App.Div. 139, 112 N.Y.S.2d 354, 355; 48 C.J.S. Joint Tenancy § 3, p. 918. As stated in Brockway's Estate v. Commissioner of Internal Revenue, 9 Cir., 219 F.2d 400, 402, survivorship is one of the major incidents of a joint tenancy.

In Coffin v. Short, 82 R.I. 132, 106 A.2d 262, 263–264, 46 A.L.R.2d 519, 522, a will naming the testator's niece and nephew as sole legatees with the words "to have and to hold * * * to them or the survivor of them" was held to manifest an intention to create a joint tenancy with its incident of survivorship. Such holding was made despite a statute providing for a presumption against a joint tenancy un-

less it be declared that the same is to such persons "and" the survivors or survivor of them. See Annotation 46 A.L.R.2d 523, § 5 at p. 534.

Also, in the case titled In re Miller's Estate, 248 Iowa 19, 79 N.W.2d 315, 317, it was said there is no doubt that the words "or the survivor" were sufficient to create a joint tenancy. To the same effect see Arthur v. Arthur, 115 Neb. 781, 215 N.W. 117, 119, where it was held, on the basis of similar words, that it was the expressed intention of the parties that the right of survivorship was the controlling consideration.

The evidence disclosed by the record is sufficient to sustain the findings of the district court and we find no reason to disturb its judgment. The same is therefore affirmed.

Affirmed.