Stella JOHNSON, (Plaintiff) Appellant,

v.

Mary WOODARD and Regina Goff,
(Defendants) Respondents.

No. 30635.

St. Louis Court of Appeals.

Missouri.

April 17, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied May 15, 1962.

Jerome F. Duggan, Sidney W. Horwitz, St. Louis, for appellant.

Sidney R. Redmond, St. Louis, for respondents.

ELGIN T. FULLER, Special Judge.

This is an appeal from an order and judgment of the Circuit Court of the City of St. Louis dismissing the plaintiff's amended petition for statutory partition. This court, to which plaintiff originally appealed, transferred the case to the Supreme Court of Missouri on the ground that the case involves title to real estate within the meaning of the Constitution, Art. V, Sec. 3, V.A.M.S. Johnson v. Woodard, Mo.App., 343 S.W.2d 646. However, the Supreme Court, deciding that title to real estate in the constitutional sense was not presented, retransferred the cause to this court. Johnson v. Woodard, Mo., 352 S.W.2d 9.

Stella Johnson's amended petition alleged that Sara C. Young, fee simple owner of the land, devised it by her last will and testament to Mary V. Woodard, Stella Johnson and Regina Goff "to share equally, and to the survivor of them" and that the interests of the respective parties were as follows: Stella Johnson, an undivided one-third interest; Mary Woodard, an undivided one-third interest; Regina Goff, an undivided one-third interest; that partition could not be made in kind without great injury to the interests of plaintiff and defendants; and prayed that the court determine the right, title, interest and estate of the parties,

order partition and sale of the property, and a division of the proceeds.

Paragraph 6 of the petition sets out Article II of the last will of Sara C. Young, which is as follows:

"I give, bequeath and devise my home located at 4562 Labadie Avenue in the City of St. Louis, Missouri, and any and all other real estate wheresoever situated to my beloved sisters, Mary V. Woodard and Stella Johnson, and my beloved niece, Regina Goff, Ph.D., to share equally, and to the survivor of them."

The defendants filed a motion to dismiss the amended petition, the principal ground of which was that, "Plaintiff seeks in her petition to partition land which was left equally to her and to defendants Mary Woodard and Regina Goff 'and to the survivor of them'; the relief sought is specifically prohibited by Section 528.130 of the Revised Statutes of Missouri, 1949."

The plaintiff makes two points in support of her contention that the trial court erred in sustaining defendants' motion to dismiss plaintiff's amended petition: (1) that her petition was sufficient to state a cause of action for partition, and (2) that it was error to dismiss the petition on the basis of Section 528.130 RSMo 1949, V.A.M.S. (See Civil Rule 96.13, V.A.M.R.) Plaintiff contends that this devise did not create a life estate in the three devisees as joint tenants, with the remainder to the survivor of them, but that under Section 442.450 RSMo 1949, V.A.M.S., the devise created a tenancy in common in the three devisees, and therefore the court had jurisdiction to decree partition between such co-tenants.

Defendants take the position that the will created a joint estate for life in the three devisees, with a contingent remainder in the survivor of them, and that the Circuit Court had no jurisdiction to partition land devised to life tenants and a contingent remainder.

Section 528.130 RSMo 1949, V.A.M.S. (Civil Rule 96.13), provides:

"No partition or sale of lands, tenements or hereditaments, devised by any last will, shall be made under the provisions of this chapter, contrary to the intention of the testator, expressed in any such will."

Section 442.450 RSMo 1949, V.A.M.S., reads as follows:

"Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

The only question before the trial court and the only question before this court is plaintiff's right to partition the real estate, in view of the manner in which it was devised when considered in the light of Section 528.130; that is, whether the partition sought is contrary to the intention of the testatrix as expressed in her will. That is a question of will construction.

The trial court had before it only plaintiff's petition, which, as stated, set out Article II of the will. The will itself was not pleaded, attached or filed. The appellant rather mildly raises the point in her brief that the trial court was without the benefit of the entire will in ascertaining the intent of the testatrix when it ruled on defendants' motion to dismiss, and plaintiff expressed the belief that the entire will, if introduced in evidence, would assist in determining the intent of the testatrix. The defendants state in their brief that the will was read to the trial judge during oral argument on their motion to dismiss. The record reveals that a certified copy of the will was deposited with the Clerk of the Supreme Court October 3, 1961. The only parts of the will devising real estate are Article II, set out above, and Article VI, which is the article disposing of the residuary estate and

disposes of the residue, including real estate, to Mary Woodard, Stella Johnson and Regina Goff, "to share equally, *or* to the survivor of them." In Article VI the phrase, *"or* to the survivor of them," is used rather than *"and* to the survivor of them," as is stated in Article II. It can be seen that the part of the will not before the trial court sheds no additional light in determining the intent of the testatrix in the devise of the real property.

■ The keystone of construction in determining the meaning of any will is the intent of the testator. In this case any conclusion as to what the testatrix may have had in mind must be based upon the legal effect of the language used in the will itself. Article II, stripped of the extra verbiage, is this: "I devise my real estate to Mary, Stella and Regina, to share equally, and to the survivor of them."

Strange as it may seem with the many deeds and wills granting and devising real estate in various ways and creating all kinds of estates, there is no case in Missouri which has used the exact language employed in Article II of the will in this case.

■ Tenancies in common and classical joint tenancies may be severed by one of the tenants by conveyance or suit for partition. Section 528.030 RSMo 1949, V.A.M.S.; McClendon v. Johnson, Mo., 337 S.W.2d 77. Such conveyance or partition destroys the joint tenancy and thereby destroys the right of survivorship. Gibson v. Zimmerman, 12 Mo. 385; Frost v. Frost, 200 Mo. 474, 98 S.W. 527, 2 Blackstone 185; Hunter v. Hunter, Mo., 320 S.W.2d 529, 69 A.L.R. 2d 1048; Gill on Missouri Titles, 3rd Ed. 1931, Sec. 574, p. 292.

■ The testatrix in disposing of her real estate did not create the classical joint tenancy and did not meet the requirements of Section 442.450 RSMo 1949, V.A.M.S., for in the devise there were no words expressly declaring the estate devised to be in joint tenancy. But our Supreme Court in Powers v. Buckowitz, Mo., 347 S.W.2d 174, held that Section 442.450 does not require joint tenancy to be "expressly declared," but merely requires that the granting instrument by plain implication manifest the intention of the parties to create an estate with the incidents of survivorship, and that any words expressing affirmatively the intent to create a joint tenancy will suffice. The court in the Powers v. Buckowitz case did not approve language used by that court in State ex rel. Ashauer v. Hostetter, 344 Mo. 665, 670, 127 S.W.2d 697, 699, wherein it was said that the statute "makes it plain that a joint tenancy can be created in grantees or devisees, who are not executors, trustees or husband and wife, in one way only, and that is to expressly say so, by using the term 'joint tenancy.'" In Powers v. Buckowitz, supra (347 S.W.2d 1. c. 175), a deed read "to 'Irene M. Roeckel and Georgia M. Buckowitz (daughter of Mrs. Roeckel) as *tenants by entirety* and to the survivor of them.'" (Emphasis supplied.) Later Mrs. Roeckel married the plaintiff Powers, and five years later died. Powers then brought partition, claiming an undivided one-half interest. The trial court and the Supreme Court held that the defendant daughter, upon her mother's death, was the owner of all in fee. Certainly there was no literal compliance with Section 442.450, for no joint tenancy was expressly declared, but the Supreme Court held, and at page 176 stated: "A conveyance to two or more persons, as to mother and daughter from mother, and *to the survivor of them* is an affirmative expression of intention to create that class or character of an estate, a joint tenancy with right of survivorship." (Emphasis supplied.)

But compliance or non-compliance with the restrictive provisions thrown around the creation of joint tenancy under Section 442.450 is not determinative of this case. The devise here was by the last *will* and testament of Sara C. Young. We are called upon to ascertain the true intent and mean-

ing of her will, and the provisions of the statutes relating to wills are controlling in this case. This is clearly decided and pointed out in the two cases of Hunter v. Hunter, Mo., 320 S.W.2d 529, 69 A.L.R.2d 1048, and McClendon v. Johnson, Mo., 337 S.W.2d 77. In the Hunter case (320 S.W.2d at l. c. 530) the will provided: "I give and devise unto my mother, Mrs. D. R. Hunter * * and unto my sister, Virginia Hunter, as joint tenants with the *right of survivorship.*" (Emphasis supplied.) Thereafter the mother conveyed a one-half interest in the property. The court held that the testatrix intended to devise to her mother and sister a joint estate for life and that the survivor should take the fee, and that therefore the deed from the mother did not sever the joint estate. The court recognized that one joint tenant in a classical joint estate may destroy the joint tenancy and thereby destroy the right of survivorship, but the court, after referring to the Frost and Gibson cases, supra, at page 531, stated: "In neither of the above cases was the court called upon to *interpret a will.* No citation of authority is necessary in support of the rule to be followed by courts in construing and interpreting wills, and the parties in this case agree that the rule is that in construing wills courts should give effect to every clause and portion of a will in determining the intent of the testator. Housman v. Lewellen, 362 Mo. 759, 244 S. W.2d 21, loc. cit. 23(2)."

In McClendon v. Johnson, supra (337 S.W.2d l. c. 79), the basic issue turned upon the proper construction of a *deed* which read: "As joint tenants, and not as tenants in common, with *right of survivorship.*" (Emphasis supplied.) That was the same language as was used in the will in the Hunter case, except for the words "and not as tenants in common" which had no real significance. One of the joint tenants, Alexander, conveyed his interest in the joint tenancy to himself and defendant, Herman Johnson, as joint tenants. Plaintiff contended that the original deed made her and Alexander joint tenants with right

of *survivorship* and that she and Alexander (now dead) held mere life estates until the fee vested in plaintiff as the survivor, and that Alexander's deed to defendant conveyed nothing more than Alexander's life estate. The court held that the first deed to plaintiff and Alexander created a classical joint tenancy and that Alexander had the right to sever the joint tenancy by deeding his interest to himself and defendant as joint tenants, and that upon so doing and upon Alexander's death, the defendant became the owner of an undivided one-half interest in the real estate. The plaintiff relied upon the case of Hunter v. Hunter. But the court in McClendon v. Johnson, page 81, points out the distinction in the two cases as follows:

"The opinion in that case (Hunter case) makes clear (1) that the court was called upon *to ascertain the true intent and meaning of a will* * * * and (2) that the provisions of the statutes relating to *wills* controlled disposition of the issues rather than the statutes relating to conveyances *by deed.* Moreover, the opinion (in the Hunter case) specifically states: 'If by the *will* in question the testatrix had devised to Della B. Hunter and Virginia Hunter the land in question as *joint tenants* and *nothing more*, then by force of the statute and by operation of law a joint estate *in fee* would have been created with the right of survivorship. In such cases, the right of survivorship, *implied by operation of law*, can be defeated and the *joint tenancy severed* by a conveyance of one of the joint tenants.' * * * The testatrix did indicate that it was her intention that her mother and her sister should have the land for life and the survivor should take the fee. It is our opinion that such is the proper interpretation of the will."

The court in McClendon v. Johnson then concluded (l. c. 81), "We, therefore, hold that Hunter v. Hunter, supra, is neither con-

trolling nor in any manner decisive of the issue presented under the *deeds* here in evidence."

Sara C. Young, testatrix, did not use words which would create a classical joint estate as required by Section 442.450, but she did intend, in using the phrase, "and to the survivor of them," to create that class or character of an estate which would have the quality of survivorship, not merely the right of survivorship which is implied by operation of law in a classical joint tenancy, but the specifically declared right of survivorship in Article II of her will. In interpreting this will we are not at liberty to ignore the phrase, "and to the survivor of them." The rules applicable to the construction of wills must not be ignored, and the statutory provisions concerning Titles and Conveyances of Real Estate (Chapter 442 RSMo .1949, V.A.M.S.) have not changed such rules.

This devise did not make the devisees joint tenants of the fee. It made them joint tenants for life with a contingent remainder in fee to the one who survives or who is the longest liver. Had the three devisees become joint tenants of the fee then any one of them could by conveyance or partition deprive the others of the right of survivorship which would be incident to such joint estate. But the manifest intention of the testatrix was to devise an estate which would ultimately go to the survivor or longest liver, or as otherwise described, as joint tenants for life with a contingent remainder in fee to the one who survives. In such a case no joint tenant can, by conveyance, partition or otherwise, destroy the right of survivorship.

Respectable authorities in other jurisdictions sustain our view. In the case of Coffin v. Short, 82 R.I. 132, 106 A.2d 262, l. c. 263, 46 A.L.R.2d 519, the testator's will named his nephew and niece and provided, "to have and to hold the same to them or the survivor of them." The Supreme Court of Rhode Island held that the above words "or [to] the survivor of them" manifested an intention to create a joint tenancy with its incident of survivorship and came within the exception of the statute which provided for a presumption against a joint tenancy. Even though the statute in making an exception to the presumption against joint tenancy, required the words, *"and* [to] the survivors or survivor of them," and the will used the phrase *"or* the survivor of them," the court said, "In construing a will the court may construe the words 'and' and 'or' as interchangeable if such a construction is necessary to carry out the intention of the testator as manifested in the whole will. * * The chief incident of a joint tenancy is survivorship * * *. By the use of the term *'survivor'* in this context the testator clearly indicated that there should exist a right of survivorship and all the legal incidents thereof as between the two devisees." (106 A.2d l. c. 263.) The court held that upon the death of the niece the entire residue vested in the nephew.

In re Ward's Will, 124 Misc. 292, 208 N.Y.S. 413, l. c. 415, the will as to the real estate provided, "to my said wife and my said daughter jointly and to the survivor of them." The court held that the intention plainly appeared to give the real estate to the wife and daughter as joint tenants and that consequently the presumption of tenancy in common created by the statute was overcome.

In the case of Hannon v. Christopher, 34 N.J.Eq. 459, it was held that the devise, "unto my niece, Mary * * * my mother, Sarah * * * and my brother, Thomas * * * to the survivor of them, and to the heirs and assigns of such survivor" vested in the three named persons merely a joint estate for lives and limited a contingent remainder in fee to the survivor. The court stated generally, upon the authority of Vick v. Edwards (Eng.) 3 P Wms 372, 24 Eng. Reprint 1107, that: "A devise to two and 'the survivor of them, and the heirs of such survivor,' gives them a joint estate for life only,

with a contingent remainder in fee to the survivor."

In Rowerdink v. Carothers, 334 Mich. 454, 54 N.W.2d 715, it was held that a conveyance to "Alfred Carothers and Delarma Hackett or the survivor of them" conveyed one half to each for life and the remainder to the survivor in fee, so that neither could by conveyance in his lifetime cut off the contingent remainder.

In Schultz v. Brohl, 116 Mich. 603, 74 N.W. 1012, the grantees were "Peter Brohl and Christine Schultz * * * to them and the survivor of them." The Supreme Court of Michigan construed the deed to convey a moiety to each of these parties for life, with remainder to the survivor in fee.

The Supreme Court of Michigan in Finch v. Haynes, 144 Mich. 352, 107 N.W. 910, held that a deed which conveys land to two grantees and to the survivor of them, and to their heirs and assigns forever, conveyed a moiety to each for life with remainder to the survivor in fee, and that neither of them, by conveyance during his life can create a tenancy in common, so as to cut off the contingent remainder.

In 46 A.L.R.2d 1. c. 535, it is stated: "A gift to persons 'and' to the survivor of them * * * is at least open to the construction that it manifests an intent to create a joint tenancy," citing Stimpson v. Batterman, 59 Mass. (5 Cush.) 153; Bowditch v. Atty. General, 241 Mass. 168, 134 N.E. 796, 28 A.L.R. 713; and Pierce v. Baker, 58 N.H. 531.

Appellant contends that the will created a tenancy in common among the three devisees and that therefore one of the tenants had the right to bring partition. It is true that the words "to share equally," as used in this will, or "share and share alike" frequently import a *division* of the property among the takers, and in fact are part of the language often used conveying a tenancy in common. Keller v. Keller, 338 Mo. 731, 92 S.W.2d 157. But to hold that Article II of the will in question created a tenancy in common in fee we would have to disregard the words "and to the survivor of them." Notwithstanding the use of the words "to share equally" or "share and share alike" or other words importing severance or distribution, other language of a will bearing on the right of survivorship, or the implications as to rights of survivorship may be such as clearly to show that joint tenancy is intended, and result in such tenancy. Kemp v. Sutton, 233 Mich. 249, 206 N.W. 366; In re Monroe, 42 R.I. 412, 108 A. 497. That is the situation here. We cannot ignore the words "and to the survivor of them." The right of survivorship is not an incident of a tenancy in common.

In interpreting this will and giving effect to the language used in Article II, we hold that the devise to the three named persons "to share equally, and to the survivor of them" is an affirmative expression of an intention to create a joint tenancy for life with remainder in fee to the survivor, and that it was the intention of the testatrix to devise an estate which would ultimately go to the survivor, and that such an estate may not be severed by partition.

At the close of the oral argument in this court the death of defendant Mary Woodard was suggested. In view of the holding in this case her death has no legal effect on the status of this estate. The heirs of any deceased devisee, other than of the survivor of the three devisees, acquire no interest or title in the real estate.

Accordingly, the order and judgment of the trial court dismissing plaintiff's cause of action for partition is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.