376 So.2d 1354 (1979)
T. E. (Tom) BONNER
v.
Roger M. PUGH, etc., et al.
78-7.
Supreme Court of Alabama.
September 28, 1979.
Rehearing Denied November 21, 1979.
*1355 Phil Joiner, Birmingham, for Bonner.
Guy V. Martin, Jr., Birmingham, for appellee, Roger M. Pugh.
EMBRY, Justice.
This case involves a dispute over the title to two vacant lots situated in Birmingham, Alabama. It is undisputed that title to the property was vested in Frances Crews at the time she died testate on 13 February 1951.
The will of Frances Crews, probated 8 October 1953, stated in pertinent part:
"I give, devise and bequeath my real property, known as 1207 North Appalachee Street, Birmingham, Alabama, to my husband, Carol Crews, with provision that my sister, Henrietta Fowler and my granddaughter, Mary Frances Crews Boyd, have a home for life, with the survivor of the three taking in fee simple."
Carol Crews, Henrietta Fowler (Fowler) and Mary Frances Crews Boyd (Boyd) obtained concurrent life estates with the survivor of the three to take in fee simple. Carol Crews died soon after the will of his wife was probated and was survived by Fowler and Boyd, the remaining two devisees.[1]
Upon the death of Carol Crews, Fowler and Boyd obtained concurrent life estates with a contingent remainder in fee simple to the survivor. Fowler conveyed her interest in the land to her son, Theodore Fowler, on 9 June 1975. Theodore Fowler in turn executed a deed conveying property to the plaintiff/appellant T. E. Bonner on 27 August 1975.
However, on 16 August 1975, Henrietta Fowler died, and was survived by Boyd, the last of the three named devisees in the will of Frances Crews. On 20 January 1978, Boyd conveyed the property to defendant/appellee Roger M. Pugh.
Bonner filed an in rem bill to quiet title to the property. It alleged that the residence of Boyd, "a devisee of one-half interest, *1356 as jointly received with Henrietta Fowler" was unknown, and could not be ascertained after a reasonable and diligent search by Bonner.
Defendant/appellee, Pugh, as the grantee of Boyd, filed a motion to dismiss the action on the grounds, among others, that: (1) under the will of Frances Crews (and after the death of Carol Crews) Fowler and Boyd each had life estates in the property with a contingent remainder to the survivor; (2) Fowler, under whom Bonner claims, was able to convey during her lifetime only her life estate in the property together with a remainder interest she would have only if she survived Boyd (She did not: to the contrary Boyd survived her thereby acquiring remainder fee simple title which was subsequently conveyed to defendant Pugh); and (3) Pugh held fee simple title to the property free and clear of any interest of Bonner, whose interest in the property terminated when Fowler predeceased Boyd.
On 31 May 1978, plaintiff Bonner filed, in this action, a petition for construction of the will asserting: (1) the devise from Frances Crews to her husband, Carol Crews, was inconsistent with other statements in the will; (2) Carol Crews held the property in fee simple; and (3) since there was no conveyance of the property from Carol Crews to Boyd, title could not have vested in Boyd.
The case was tried before the trial court without a jury. Final judgment was entered which found: (1) Boyd, as survivor of Carol Crews and Henrietta Fowler, acquired title to the property in fee simple; (2) Bonner failed to exercise reasonable diligence to ascertain the whereabouts of Boyd; (3) Pugh, as the grantee of Boyd, is the owner in fee simple of the property, and (4) Pugh was required to pay a sewer lien, sewer assessment and back taxes, together with a fee to a guardian ad litem.
The case law clearly supports the trial court's ruling.[2] In Johnson v. Woodard, 356 S.W.2d 526 (Mo.App.1962), the devise was to three named devisees, "to share equally, and to the survivor of them." In construing the will, the court stated that:
"This devise did not make the devisees joint tenants of the fee. It made them joint tenants for life with a contingent remainder in fee to the one who survives or who is the longest liver. * * * [T]he manifest intention of the testatrix was to devise an estate which would ultimately go to the survivor or longest liver, or as otherwise described, as joint tenants for life with a contingent remainder in fee to the one who survives. * * *" Johnson, supra, at 530.
The devise in question is very similar to the clause quoted from Johnson, supra, especially where Mrs. Crews stated in her will: "with the survivor of the three taking in fee simple." By the language, "with the survivor of the three taking in fee simple," Mrs. Crews obviously meant to include her husband, Carol Crews, in the survivorship. Plaintiff, Bonner, contends the testatrix intended to devise the property solely to Carol Crews.[3] This argument is clearly without merit and the trial court correctly rejected it.
*1357 Support is found for the proposition: "* * * [w]hen a person, having only an estate for life, purports to transfer an estate greater than the estate for life, his conveyee acquires thereby, as against the owner of a future interest in such land, no right, privilege, power or immunity greater than those had by the conveyer." Restatement of Property, § 124. This rule was applied in Vidmer v. Lloyd, 193 Ala. 386, 69 So. 480 (1915).
Fowler purported to convey the fee simple title to the property to her son, who in turn conveyed to Bonner. All that was actually conveyed was her life estate and contingent remainder interest; both terminated when she predeceased Mary Boyd. See also Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289 (1914); Winters v. Powell, 180 Ala. 425, 61 So. 96 (1912); Hall v. Condon, 164 Ala. 393, 51 So. 20 (1909).
Plaintiff contends that, notwithstanding the will, he is to prevail by authority of Code 1975, § 6-6-566(c); however, that statute is only applicable and only establishes conclusive title against persons who have neither paid taxes on the land nor had any possession thereof. Each party in question, as a life tenant, falls under the well-established principle that until an ouster occurs possession by one cotenant is possession of all; each cotenant holds for himself and his cotenant. Foshee v. Foshee, 278 Ala. 205, 177 So.2d 99 (1965); Howard v. Harrell, 275 Ala. 454, 156 So.2d 140 (1963); Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962).
No ouster of Boyd by Fowler was shown at trial. There is no evidence in the record as to who was in possession of the property during any general or specific period of time. The property was said to be vacant when the complaint was filed. Without any testimony for the trial court's consideration concerning possession of the property over the relevant ten year period, and without any witness with first hand knowledge of such facts, it is impossible to prove ouster. No possible application of § 6-6-566(c) was, therefore, permissible.
Bonner contends the purchase by Fowler of a first mortgage on the property caused the previous life interest vested in her to be absorbed by the fee title conveyed by the mortgage. We cannot agree. Cotenants are presumed to stand in confidential relationship to each other with respect to the common title under which, if a cotenant acquires an adverse claim, he is regarded as holding it in trust for the benefit of the other cotenants. Roseman v. Danisky, 270 Ala. 69, 71, 117 So.2d 170 (1959). Fowler might have been entitled to contribution from Boyd for one-half the mortgage debt on equitable assignee, subrogation, or contribution grounds. See e. g. Salter v. Odom, 240 Ala. 462, 199 So. 687 (1941); Kelly v. Carmichael, 221 Ala. 371, 129 So. 81 (1930). Fowler was not, in this case entitled to contribution because actual knowledge by Boyd of the necessity to make such contribution was prerequisite to a duty upon Boyd to do so. Draper v. Sewell, 263 Ala. 250, 255, 82 So.2d 303 (1955); Gilb v. O'Neil, 225 Ala. 92, 142 So. 397 (1932). There was no evidence as to whether Boyd had actual notice of the acquisition of the mortgage by Fowler.
Finally, the mortgage is presumed to be satisfied under Code 1975, § 35-10-20, which provides that the indebtedness secured by any recorded mortgage is conclusively presumed to have been paid if 20 years past due, unless the record shows some payment by a mortgagor within the 20 year period. Since the mortgage in question was executed in 1929, almost fifty years lapsed between the date of the mortgage and the trial. There was no evidence whether any payments were made within that fifty year period; therefore, the trial court did not err in affording no weight to the 1929 mortgage.
The final finding by the trial court was that Bonner did not exercise reasonable diligence in seeking to ascertain the whereabouts of Boyd; that finding rendered Bonner's in rem bill to quiet title defective. Code 1975, § 6-6-561. The ease with which Pugh's counsel located the address of Boyd *1358 demonstrates that the finding of the trial court in that regard is well supported by the evidence.
The trial court's findings, after hearing ore tenus, are consistent with the evidence, not palpably wrong or clearly erroneous; therefore, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.

ON REHEARING
EMBRY, Justice.
Appellant Bonner contends this court erred in its opinion by stating "[t]here was no evidence whether any payments were made within that period * * *" and thus concluding the mortgage was satisfied pursuant to § 35-10-20, Code 1975. Controversy has arisen over this question primarily because neither party bothered to secure a court reporter for the trial. As a consequence, a statement of the evidence in lieu of a transcript, as provided for under ARAP, Rule 10(d), and as ordered by the trial court, was utilized. It consists primarily of a typed copy of shorthand notes of the trial as compiled by the stenographer of counsel for Bonner and also contains objections and amendments to the stenographer's notes submitted by both parties but not ruled upon by the trial court. There is sharp disagreement by the parties regarding what actually transpired at trial.
In his brief, defendant, Pugh, stated there was no evidence as to whether any payments were made on the mortgage. Plaintiff, Bonner did not contest that statement either in original brief or in reply brief. However, whether payments were actually made is immaterial to the decision.
The trial court was correct in affording no weight to the mortgage, regardless of whether the mortgage was presumed paid, because there was no proof of ouster by Fowler of her cotenant Boyd. As we pointed out upon original deliverance, ouster would have to be proved in order for § 6-6-566, Code 1975, to become operative. The fact that cotenants are presumed to stand in confidential relationship one to the other with respect to the common title, and are presumed to hold any adverse claim in trust for the benefit of other cotenants, is an entirely sufficient ground to support the trial court's ruling regarding the mortgage.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
NOTES
[1] We recognize that this devise is extremely ambiguous; however, after looking at the four corners of the instrument and using the testatrix's intent as the polestar of construction, we hold that the testatrix intended to devise concurrent life estates in the property to Carol Crews, Henrietta Fowler and Mary Frances Crews Boyd with the remainder to go to the survivor of the three in fee simple. See Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653 (1968). Thus, when Carol Crews died, his life estate terminated leaving concurrent life estates in Fowler and Boyd with the survivor to take the remainder in fee simple.
[2] Vick v. Edwards (Eng.), 3 P. Wms. 372, 24 Eng.Reprint 1107 (1735) ("A devise to two and `the survivor of them, and the heirs of such survivor,' held to give them a joint estate for life only, with a contingent remainder in fee to the survivor."); Hannon v. Christopher, 34 N.J.Eq. 459 (a devise "unto my neice, Mary * * * my mother, Sarah * * * and my brother, Thomas * * * to the survivor of them, and to the heirs and assigns of such survivor," vested in the three named persons merely a joint estate for life and a contingent remainder in fee to the survivor.) Cf., Rowerdink v. Carothers, 334 Mich. 454, 54 N.W.2d 715 (phrase to "Alfred Carothers and Delarma Hackett or the survivor of them" construed as conveying one-half to each for life and remainder in fee, so that neither could by conveyance in his lifetime cut off the contingent remainder).
[3] Bonner did not claim title to the property under the will, but claimed title by authority of Code 1975, § 6-6-566 which purports to make proof of color of title and payment of taxes for ten years or exclusive payment of taxes for ten years conclusive evidence of title against all persons who have not paid any taxes on nor had any possession of the lands in controversy during the ten-year period.